UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ANNE CHANA HENKIN, individually and as personal representative of the ESTATE OF JUDAH HERZEL HENKIN, ADERET RIVKAH HENKIN STERN, ELIASHIR ELIJAH HENKIN, JACOB BECHOR-SHALOM HENKIN, JOSEPH GIL HENKIN, TAAMA FREIDA HENKIN YAAKOVSON, MIRIAM FULD, individually, as personal representative of the ESTATE OF ARI YOEL FULD, and as natural guardian of N.S.F. (an infant), NAOMI FULD, TAMAR GILA FULD, ELIEZAR YAKIR FULD, HARVEY JONAS YONAH FULD, MARY ALICE FULD, DANIEL YAAKOV FULD, EYTAN FULD, HILLEL CHAIM and SHLOMO FULD,

Case No. 1:21-cv-5716-AMD-VMS

                      Plaintiffs,

            -against-

QATAR CHARITY, QATAR NATIONAL BANK and MASRAF AL RAYAN,

                      Defendants.
------------------------------------------------------------------- X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
***EX PARTE* MOTION FOR ISSUANCE OF LETTERS ROGATORY**

Plaintiffs respectfully submit this memorandum of law in support of their motion seeking issuance of letters rogatory to effect service of process on Defendants in the State of Qatar.

**NATURE OF SUIT AND PROCEDURAL HISTORY**

Plaintiffs are victims of a terrorist attack carried out by the terrorist group HAMAS. *See* Declaration of Susan M. Davies executed on November 5, 2021 ("Davies Decl.") at Exhibit 1 at ¶¶ 25-43, 324-52. Plaintiffs allege that Defendants are members of a conspiracy to launder funds from the State of Qatar through the United States and Europe for HAMAS. *See id*. at ¶¶ 1-16, 104-323. Plaintiffs assert claims against Defendants for money damages under 18 U.S.C. §§ 2333, 2339A and 2339B. *See id*. at ¶¶ 353-409.

Defendants Qatar National Bank, Qatar Charity, and Masraf Al Rayan are entities created

under the laws of the State of Qatar that have their principal places of business in the State of Qatar.  *See* Davies Decl. at ¶¶ 2, 3, 8-10 and Exhibit 1 at ¶¶ 7, 71, 82-85.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §§ 2333(a) and 2338 as a civil action brought by citizens of the United States who have been injured by reason of acts of international terrorism, and their estates, survivors, and heirs.  *See* Davies Decl. Exhibit 1 at ¶¶ 19-20.  Defendants are subject to personal jurisdiction in the United States pursuant to 18 U.S.C. § 2334(a), N.Y. CPLR § 302, and Fed. R. Civ. P. 4(k)(1)-(2) because they have transacted business and committed tortious acts within the United States (and New York) by transferring funds through the United States (and New York) for the benefit of HAMAS and have purposefully availed themselves of United States jurisdiction in the course of committing the wrongful acts alleged herein.  *See id*. at ¶¶ 22-24.

## ARGUMENT

**THE COURT HAS AUTHORITY TO ISSUE LETTERS ROGATORY IN ITS DISCRETION**

The Federal Rules of Civil Procedure generally provide for service of process upon a corporation, partnership, or other unincorporated association, "at a place not within any judicial district of the United States, in any manner prescribed by [Federal] Rule [of Civil Procedure] 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). The cross-referenced Rule 4(f) authorizes service "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," Fed. R. Civ. P. 4(f)(1), or, "if there is no internationally agreed means, . . . by a method that is reasonably calculated to give notice . . . [including] as the foreign authority directs in response to a letter rogatory or letter of request," Fed. R. Civ. P. 4(f)(2)(B), or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

The power of the federal courts to issue letters rogatory derives from 28 U.S.C. § 1781 and from the court's inherent authority. *See United States v. Fawwaz*, 2014 WL 627083, at *2, 2014 U.S. Dist. LEXIS 20742, at *3, (S.D.N.Y. Feb. 18, 2014) ("District courts have inherent authority to issue letters rogatory. It is well-settled that the decision of whether to issue letters rogatory lies within a district court's sound discretion.") (internal quotations omitted). Title 28, United States Code, Section 1781 states, in relevant part:

> The Department of State has power, directly, or through suitable channels . . .
> (2) to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.

28 U.S.C. § 1781(a)(2). The U.S. Department of State advises that most foreign courts require letters rogatory to bear the seal of the Court and the signature of a Judge. *See* Davies Exhibit 6 at 3. The documents to be served in the foreign jurisdiction should be exemplified copies. *See* Davies at ¶11.

Resort to letters rogatory is appropriate here because the State of Qatar is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, or any other service treaty. *See* Davies Decl. at ¶ 4. While there are alternative methods of service available under Rule 4(f) that satisfy due process, in this case Plaintiffs seek letters rogatory because of the likelihood that they will need to enforce the judgment in this case against the Defendants outside the United States. *See, e.g.,* Edward Burton, Service of Process Abroad, Am. Bar Ass'n, Gen. Prac., Solo & Small Firm Div. Mag. (Oct. 1999) ("The great advantage of the letters rogatory procedure lies in the enforceability of the American judgment in the country where service of process was issued."); Government's Memorandum of Law in Support of Its Motion for Permission to Effect Service Through Alternative Means and Issuance of Letters Rogatory, *United States v. Lebanese Canadian Bank SAL*, No. 11 Civ. 9186 (PAE) (S.D.N.Y.

3

May 4, 2012) ("The Government requests the issuance of letters rogatory . . . in order to maximize the likelihood that a judgment in this matter will be enforceable in the relevant foreign jurisdictions.").

Because it is likely to take as long as one year for service to be effectuated pursuant to the letters rogatory sought herein (*see* Davies Decl. at ¶¶ 5, 6 and Exhibit 6 at 2), simultaneously with this motion Plaintiffs have requested the Clerk of Court to effectuate service on the Defendants by mail pursuant to Rule 4(f)(2)(C)(ii). *Id*. at ¶ 7.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request this Court to:

(1)   grant this motion in its entirety;

(2)   issue the proposed Letters Rogatory submitted as Exhibits 3-5 to the Declaration of Susan M. Davies bearing the Court's original signature and seal; and

(3)   direct the Clerk of Court to prepare three (3) exemplified copies of the Complaint filed on October 13, 2021 (Davies Exhibit 1 [ECF # 1]) and one (1) exemplified copy of each of the Amended Summonses issued on November 1, 2021 (Davies Exhibit 2 [ECF # 12, 12-1, 12-2]).

Dated:  November 5, 2021                                Respectfully submitted,

                                                                  /s/ Susan M. Davies
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
FLEISCHMAN BONNER & ROCCO LLP
81 Main Street, Suite 515
White Plains, New York 10601
(908) 516-2066

*Counsel for Plaintiffs*