# Preparation of Letters Rogatory

## Preparation of Letters Rogatory

**Disclaimer:**

The information relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign ATTORNEYS. This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

**Summary**

Letters rogatory are the customary means of obtaining judicial assistance from overseas in the absence of a treaty or other agreement.  Letters rogatory are requests from courts in one country to the courts of another country requesting the performance of an act which, if done without the sanction of the foreign court, could constitute a violation of that country's sovereignty. Letters rogatory may be used to effect service of process or to obtain evidence if permitted by the laws of the foreign country.

Before initiating the letters rogatory process, parties should determine whether the country where they are seeking to serve process or take evidence is a party to any multilateral treaties on judicial assistance such as the Hague Service or Evidence Conventions, or the Inter-American Convention on Letters Rogatory and Additional Protocol. Streamlined procedures for requesting judicial assistance under these conventions greatly reduce the time and burden associated with traditional letters rogatory.  Parties should also review the Department of State's country specific judicial assistance pages to determine whether other alternatives are available, such as serving process by mail or in person, or hiring a local attorney to petition a court directly to collect evidence.

**Time Frame for Execution of Letters Rogatory**

Execution of letters rogatory may take a year or more. Letters rogatory are customarily transmitted via diplomatic channels, a time-consuming means of transmission. The time involved may be shortened by transmitting a copy of the request through a local attorney directly to the foreign court or other appropriate authority if permitted in the foreign country.  Lists of foreign attorneys who have expressed a willingness to assist U.S. clients are available on the websites of U.S. embassies and consulates overseas.

**Drafting Letters Rogatory:**

- Letters rogatory should be written in simple, non-technical English and should not include unnecessary information which may confuse a court in the receiving foreign country.
- Many countries have different systems for obtaining evidence and may view U.S. discovery rules as overbroad.
- Requests for documents should be as specific as possible to avoid the appearance of being overbroad, which may result in refusal of the foreign country to execute the request.
- If particular procedures to be followed by the foreign court are preferable, include the specifics in the letters rogatory (for example, verbatim transcript, place witness under oath, permission for U.S. or foreign attorney to attend or participate in proceedings if possible, etc.)
- The letters rogatory should be addressed To the Appropriate Judicial Authority of (Insert name of Country).
- The form of letters rogatory depends on the country to which it is addressed and the assistance being sought. Some countries have statutory guidelines for granting assistance.

**Essential Elements of Letters Rogatory:**

- A statement that a request for international judicial assistance is being made in the interests of justice;
- A brief synopsis of the case, including identification

- of the parties and the nature of the claim and relief sought to enable the foreign court to understand the issues involved;
- The type of case [e.g. civil, criminal, administrative];
- The nature of the assistance required [compel testimony or production of evidence; service of process];
- Name, address and other identifiers, such as corporate title, of the person overseas to be served or from whom evidence is to be compelled, documents to be served;
- A list of questions to be asked, where applicable, generally in the form of written interrogatories;
- A list of documents or other evidence to be produced;
- A statement from the requesting court expressing a willingness to provide similar assistance to judicial authorities of the receiving state;
- Statement that the requesting court or party is willing to reimburse the judicial authorities of the receiving state for costs incurred in executing the requesting court's letters rogatory.

## Signature and Authentication

Letters rogatory must be signed by a judge. The clerk should not sign on behalf of the judge. For most countries, the seal of the court and signature of the judge is sufficient. Consult our country-specific information for guidance about authentication procedures for particular countries. Many countries will not accept letters rogatory issued by an Administrative Law Judge. In administrative cases, it may be possible to obtain letters rogatory issued by a federal district court under 28 U.S.C. 1651.

## Translation

The letters rogatory and any accompanying documents must be translated into the official language of the foreign country. The translator should execute an affidavit as to the validity of the translation before a notary.

## Number of Copies

Forward to the U.S. Department of State for transmittal to the foreign authorities:

- The original English version bearing the seal of the court and signature of the judge [or a certified copy]; a photocopy of the English.
- The original translation and a photocopy of the translation.
- The original documents will be served upon the designated recipient or deposited with the foreign court in connection with a request for evidence, and the copies returned to the court in the U.S. as proof of execution.
- For requests involving multiple witnesses in diverse locations, either prepare separate letters rogatory for each witness, or provide a certified copy of the letters rogatory (plus translation and duplicate copy noted above) for each witness. The foreign country may assign the matter to different courts.

**Fees**

The current consular fees for transmittal of letters rogatory are available at 22 CFR 22.1 Schedule of Fees.  Requests must include a certified check payable to the U.S. Embassy (insert name of capital of the foreign country, for example, U.S. Embassy Tokyo). Corporate or personal checks are not acceptable. Foreign authorities may also charge a fee. The U.S. embassy and/or the Office of American Citizens Services and Crisis Management in the Department of State will notify the requesting party if the Embassy is advised by foreign authorities of any applicable local fees. If the letters rogatory request compulsion of evidence from more than one witness or service of process on more than one person, multiple fees may be charged if more than one foreign court is required to execute the request due to multiple jurisdictions.

**Transmittal to the Department of State**

The letters rogatory and accompanying documents may be submitted to:

Washington, DC 20522-1710
Name: Judicial Assistance Officer
Address: U.S. Department of State
Office of Legal Affairs, (L/CA/POG/GC)
2201 C Street, NW
SA-17, 10th Floor

SA-17, 16th Floor
Washington, DC 20522-1710

**Cover Letter**

The documents should be accompanied by a cover letter including the following elements:

- Name of case;
- Docket number;
- Foreign country;
- Nature of request: (service of process; compulsion of testimony; production of documents, etc.)
- Person to be served or from whom evidence is to be obtained: (name and address mandatory, phone number if possible.)
- Mailing address of U.S. court or attorney to which the executed letters rogatory should be returned:
- Special instructions: (Example, Federal Express account number; U.S. hearing/trial date, etc.)
- Fee enclosed
- Deposit (if required) enclosed
- Statement of responsibility, if applicable, for additional costs incurred in excess of the required deposit which accompanies the letter.
- Local foreign attorney (if any): (name and address, phone number)
- Name, address, telephone, fax number and email address of requesting attorney in United States.

## Transmittal of Letters Rogatory by Department of State to the Foreign Authorities through Diplomatic Channels

Letters rogatory generally are transmitted to foreign judicial authorities through diplomatic channels, a formal system of communication between governments. This system is used to transmit letters rogatory to a foreign government so that they may be directed to the appropriate foreign court.

## Execution of Letters Rogatory by the Foreign Court:

Foreign courts will generally execute letters rogatory in accordance with the laws and regulations of the foreign country. In compelling evidence, for example, many foreign courts do not permit foreign attorneys to participate in their court proceedings. Not all foreign countries utilize the

court proceedings. Not all foreign countries utilize the services of court reporters or routinely provide verbatim transcripts. Sometimes the presiding judge will dictate his or her recollection of the witness' responses.

**Return of Executed Letters Rogatory**

When letters rogatory are executed by foreign authorities, they are generally returned to the Department of State via diplomatic channels and the Office of American Citizens Services will send them to the requesting court in the United States via certified mail. The requesting party is also notified. At the request of the court, the executed letters rogatory and proof of service/evidence produced can be returned directly to the requesting attorney.

**Example - Letters Rogatory**

NAME OF COURT IN SENDING STATE REQUESTING JUDICIAL ASSISTANCE

NAME OF PLAINTIFF

V.

NAME OF DEFENDANT

DOCKET NUMBER

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY)

(NAME OF THE REQUESTING COURT) PRESENTS ITS COMPLIMENTS TO THE APPROPRIATE JUDICIAL AUTHORITY OF (NAME OF RECEIVING STATE), AND REQUESTS INTERNATIONAL JUDICIAL ASSISTANCE TO (OBTAIN EVIDENCE/EFFECT SERVICE OF PROCESS) TO BE USED IN A (CIVIL, CRIMINAL, ADMINISTRATIVE) PROCEEDING BEFORE THIS COURT IN THE ABOVE CAPTIONED MATTER. A (TRIAL/HEARING) ON THIS MATTER IS SCHEDULED AT PRESENT FOR (DATE) IN (CITY, STATE, COUNTRY).

THIS COURT REQUESTS THE ASSISTANCE DESCRIBED HEREIN AS NECESSARY IN THE INTERESTS OF JUSTICE. THE ASSISTANCE REQUESTED IS THAT THE APPROPRIATE JUDICIAL AUTHORITY OF (NAME OF RECEIVING STATE) (COMPEL THE APPEAR OF THE BELOW NAMED

INDIVIDUALS TO GIVE EVIDENCE/PRODUCE DOCUMENTS) (EFFECT SERVICE OF PROCESS UPON THE BELOW NAMED INDIVIDUALS).

(NAMES OF WITNESSES/PERSONS TO BE SERVED)

(NATIONALITY OF WITNESSES/PERSONS TO BE SERVED)

(ADDRESSED OF WITNESSES/PERSONS TO BE SERVED)

(DESCRIPTION OF DOCUMENTS OR OTHER EVIDENCE TO BE PRODUCED)

FACTS

(THE FACTS OF THE CASE PENDING BEFORE THE REQUESTING COURT SHOULD BE STATED BRIEFLY HERE, INCLUDING A LIST OF THOSE LAWS OF THE SENDING STATE WHICH GOVERN THE MATTER PENDING BEFORE THE COURT IN THE RECEIVING STATE.)

(QUESTIONS)

(IF THE REQUEST IS FOR EVIDENCE, THE QUESTIONS FOR THE WITNESSES SHOULD BE LISTED HERE).

(LIST ANY SPECIAL RIGHTS OF WITNESSES PURSUANT TO THE LAWS OF THE REQUESTING STATE HERE).

(LIST ANY SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED).

(INCLUDE REQUEST FOR NOTIFICATION OF TIME AND PLACE FOR EXAMINATION OF WITNESSES/DOCUMENTS BEFORE THE COURT IN THE RECEIVING STATE HERE).

RECIPROCITY

THE REQUESTING COURT SHOULD INCLUDE A STATEMENT EXPRESSING A WILLINGNESS TO PROVIDE SIMILAR ASSISTANCE TO JUDICIAL AUTHORITIES OF THE RECEIVING STATE.

REIMBURSEMENT FOR COSTS

THE REQUESTING COURT SHOULD INCLUDE A STATEMENT EXPRESSING A WILLINGNESS TO REIMBURSE THE JUDICIAL AUTHORITIES OF THE RECEIVING STATE FOR COSTS INCURRED IN EXECUTING THE REQUESTING

COURT'S LETTERS ROGATORY.

SIGNATURE OF REQUESTING JUDGE

TYPED NAME OF REQUESTING JUDGE

NAME OF REQUESTING COURT

CITY, STATE, COUNTRY

DATE

(SEAL OF COURT)