

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Carolina A. Fornos
tel: 212.858.1558
carolina.fornos@pillsburylaw.com

January 19, 2022

**BY ECF**

The Honorable Ann M. Donnelly
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Henkin, et al. v. Qatar Charity, et al.*, 1:21-cv-05716-AMD-VMS

Dear Judge Donnelly:

Counsel for Masraf Al Rayan ("MAR") writes pursuant to Rule 4.A of Your Honor's Individual Practices and Rules to request a pre-motion conference prior to MAR's filing of its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). The Court has granted MAR until January 31, 2022 to respond to the Complaint, on which date MAR will be prepared to file its motion. Additionally, due to the number of legal issues involved, MAR respectfully requests 35 pages for its moving brief. Plaintiffs oppose the request for extended page limits and propose to file opposition briefs 30 days after jurisdictional discovery ends. MAR objects to jurisdictional discovery before dispositive motions are addressed.

* * *

Plaintiffs' Complaint asserts four causes of action under the Anti-Terrorism Act (18 U.S.C. § 2331, *et seq*.) ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), against two banks, MAR and Qatar National Bank, Q.P.S.C., and against Qatar Charity, MAR's alleged customer, all of whom are alleged to have conspired to provide material support to terrorist organizations allegedly responsible for Plaintiffs' injuries. While MAR deplores the attacks described in the Complaint, the Complaint should be dismissed for improper service, lack of jurisdiction, and failure to state a claim because, in summary, Plaintiffs have not alleged plausible, factual, non-conclusory allegations that MAR knew or intended that correspondent banking activity for one customer would be used by that customer to fund Hamas or PIJ or to thereafter fund the individual attacks that resulted in Plaintiffs' injuries. Accordingly, dismissal is proper on a number of grounds, including but not limited to:

**Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)**

MAR has no branch or office in the United States. (*See, e.g.*, ECF No. 1 ¶ 156). Plaintiffs' sole basis for personal jurisdiction is U.S. correspondent banking activity which is not "purposeful" nor has the requisite nexus to the injuries alleged. *See Licci ex rel. Licci v. Lebanese Canadian*

*Bank, SAL*, 732 F.3d 161, 168–69 (2d Cir. 2013); *see also Singer v. Bank of Palestine*, No. 19-cv-006 (ENV) (RML), 2021 WL 4205176 at *4 (E.D.N.Y. Apr. 30, 2021). Moreover, the alleged transfers using correspondent banking between March 1, 2015 and September 7, 2015 long predate one of the two attacks alleged, which occurred on September 16, 2018. (ECF 1 ¶¶ 33, 126); *see Strauss v. Crédit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 20 (E.D.N.Y. 2016). Although the other attack at issue occurred on October 1, 2015 and is thus closer in time to the alleged transfers, (ECF ¶ 25), Plaintiffs still fail to articulate a nexus between the transfers and any injury because MAR's banking activity was too far removed from the terrorists who actually carried out the attacks that injured Plaintiffs. *See Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 728-29 (S.D.N.Y. 2010). Nor can Plaintiffs satisfy basic constitutional requirements of minimum contacts.

**Insufficiency of Service of Process Pursuant to Rule 12(b)(5)**

On October 13, 2021, Plaintiffs filed the Complaint, and on October 31, 2021, Plaintiffs filed an Amended Summons as to MAR. (ECF Nos. 1, 9, 12). On November 10, 2021, the Court granted Plaintiffs' *Ex Parte* Motion for Issuance of Letters Rogatory to serve MAR, in which Plaintiffs asserted that service by letters rogatory was necessary. (ECF Nos. 13–15, 18). However, such service has not occurred. Plaintiffs have also attempted service by Federal Express. (ECF No. 19). Federal Express delivery upon MAR, based in Qatar, is not proper service. Qatar "is not a signatory to the Hague Convention . . . or any other service treaty." (ECF No. 14 at 3). Plaintiffs cannot establish that service by private courier is permitted under the law in Qatar or that the proper person, authorized to accept service, signed for the delivery.

**Failure to State a Claim Pursuant to Rule 12(b)(6)**

Plaintiffs cannot maintain causes of action against MAR for violations of ATA and JASTA under either a primary or secondary liability theory. Primary liability should be rejected because MAR's conduct as alleged in the Complaint (including the provision of financial services) was not an "act of international terrorism." *See* 18 U.S.C. § 2333(a); *Bartlett v. Société Générale de Banque Au Liban SAL*, No. 19-CV-00007 (CBA) (VMS), 2020 WL 7089448, at *8 (E.D.N.Y. Nov. 25, 2020) ("[P]roviding financial services such as those alleged here is not an act which is 'violent or dangerous to human life' as contemplated by the ATA. Accordingly, Plaintiff's primary liability claims are dismissed."). Nor can such alleged activity plausibly have been "intended to intimidate civilians or influence a government." *See Zapata v. HSBC Holdings PLC*, 414 F.Supp.3d 342, 358–59 (E.D.N.Y. 2019) (internal quotation marks and quotation omitted). Moreover, because the alleged attacks are so attenuated from the alleged conduct and because MAR's conduct had no plausible connection to Plaintiffs' injuries, Plaintiffs do not allege "a sufficiently direct relationship between the conduct in question and the injuries for which recovery is sought," and hence fail to plead proximate causation. *See id.* at 356.

Nor can Plaintiffs plausibly allege a secondary liability theory because they fail to plausibly allege that MAR aided or abetted, "by knowingly providing substantial assistance," the alleged act of international terrorism or "conspire[d] with the person who committed" the alleged act that caused Plaintiffs' injuries. *See* 18 U.S.C. § 2333(d)(2); *see also Honickman v. BLOM Bank SAL*, 6 F.4th 487, 501 (2d Cir. 2021) (dismissing JASTA claim "because the allegations do not support an inference that BLOM Bank was aware of the Three Customers' ties with Hamas prior to the

relevant attacks"). Plaintiffs fail to plausibly allege for one of the two attacks at issue that a foreign terrorist organization ("FTO") "committed, planned, or authorized" the acts of international terrorism that caused their injuries because, allegedly, the principal perpetrators of those acts were only inspired or praised by an FTO. *See, e.g.*, *Crosby v. Twitter, Inc.*, 921 F.3d 617, 626 (6th Cir. 2019) (holding that allegation that terrorist "Mateen saw [ISIS internet] content at some point before the shooting, and Mateen injured Plaintiffs" is "insufficient" to "allege that ISIS 'committed, planned, or authorized'" shooting). In addition, for secondary liability, the relevant inquiry for the general awareness element is whether the intermediate or affiliated entity who received funds from the defendant was "*so closely intertwined* with the [FTO's] violent terrorist activities that one can reasonably infer that [the defendant] was generally aware . . . that it was playing a role in unlawful activities from which [the FTO's] attacks were foreseeable." *Honickman*, 6 F.4th at 499 (emphasis added). The conclusory allegations here do not support any such finding, nor do Plaintiffs plausibly allege that MAR aided the alleged attacks to such an extent that the "aid qualifies as substantial assistance." *Id*. at 500. Plaintiffs also fail to allege any unlawful agreement between MAR and an FTO sufficient to support conspiracy liability. *See Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525, 534 (S.D.N.Y. 2019) ("Here, fatal to Plaintiffs' claim for conspiracy liability is their failure to sufficiently allege any unlawful agreement between Defendant and Hizbollah.").

Accordingly, MAR intends to file a motion to dismiss all of Plaintiffs' claims.

Respectfully submitted,

/s/ Carolina A. Fornos

Carolina A. Fornos
Aryeh L. Kaplan (*pro hac vice*)
Markenzy Lapointe (*pro hac vice*)
*Counsel for Defendant Masraf Al Rayan*

cc: All counsel of record (by ECF)