

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Carolina A. Fornos
tel: 212.858.1558
carolina.fornos@pillsburylaw.com

May 10, 2023

**BY ECF**

The Honorable Ann M. Donnelly
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Henkin, et al. v. Qatar Charity, et al.*, 1:21-cv-05716-AMD-VMS

Dear Judge Donnelly:

We write on behalf of Masraf Al Rayan ("MAR") pursuant to Rule 4(A) of Your Honor's Individual Practices and Rules and in connection with the Court's order dated March 31, 2023 denying MAR and Qatar Charity's ("QC" and together with MAR "Defendants") motions to dismiss without prejudice to renew (the "Order"). MAR requests a pre-motion conference to file a renewed motion to dismiss based on discovery taken by Plaintiffs of non-party Bank of New York Mellon ("BONY"). Plaintiffs do not consent to MAR's request.

While the Order held that "plaintiffs' generalized allegations are insufficient to satisfy New York's long-arm statute" and "the due process requirement," it authorized limited jurisdictional discovery of MAR and QC. (Order at 22, 29). The Order expressly limited jurisdictional discovery "to *document requests and interrogatories* that could show the frequency with which Masraf al Rayan used of the Bank of New York Mellon account, and whether that use was deliberate, during the time period relevant to the terrorist attacks, and that the plaintiffs' claims arose from Masraf al Rayan contacts with New York. For Qatar Charity, discovery will be limited to document requests and interrogatories sufficient to show whether Masraf al Rayan was acting as Qatar Charity's agent. Discovery must be reasonably tailored to this jurisdictional issue." (*Id*. at 29 (emphasis added)).

On April 13, 2023, Plaintiffs served Requests for Production and Interrogatories on Defendants.[1] However, Plaintiffs went beyond Federal Rules of Civil Procedure 33 and 34, which govern document production and interrogatories of *parties*, and instead served BONY with a *non-party* subpoena under Rule 45 dated April 19, 2023. Plaintiffs' requests as to BONY (like their other jurisdictional discovery requests) were extraordinarily broad; they not only sought

---

[1] Defendants' Responses and Objections to those discovery requests will be served by May 15, 2023 by agreement of the parties. MAR and QC have each also specifically objected to certain of Plaintiffs' requests by letter.

www.pillsburylaw.com

proprietary bank records and communications with BONY's customers, but also sought information about MAR's relationships with *other* financial institutions, not just BONY.

On April 28, 2023, MAR informed BONY and Plaintiffs that "MAR will seek to challenge" Plaintiffs' non-party subpoena "which may render a response by BONY moot" because "Plaintiffs never requested, nor were granted the right, to take non-party discovery, which not only seeks confidential banking information, but is duplicative of discovery requests served on MAR, which are also objectionable."

Nevertheless, yesterday, on May 9, 2023, BONY served Responses and Objections to Plaintiffs, copying counsel for MAR. BONY stated that MAR "had no account at BNY Mellon during the period January 1, 2011 through September 16, 2018" and indicated it possesses no documents responsive to Plaintiffs' requests. Based on these representations, Defendants seek leave to file renewed motions to dismiss, as jurisdictional discovery has revealed that no "key supporting facts" are ascertainable despite Plaintiffs' "opportunity to develop the record." (Order at 26).

The Order is clear. The scope of jurisdictional discovery as to MAR hinged entirely on "Masraf Al Rayan's use[] of the Bank of New York Mellon account." Jurisdictional discovery has revealed there was no use and there was no account. As a result, the Court's finding that Plaintiffs' "allegations do not establish that Masraf al Rayan purposely availed itself of the New York banking system" is definitive—Plaintiffs have failed to establish personal jurisdiction. (*Id*. at 17).

Plaintiffs have indicated that they now intend to seek authorization to obtain yet more jurisdictional discovery, this time concerning MAR's possible relationships with financial institutions other than BONY. However, jurisdictional discovery is permitted "circumspectly and only to verify the allegations of specific facts crucial to establish" Plaintiffs' theory. *Esso Exploration & Production Nigeria Ltd. v. Nigerian Nat'l Corp.*, 14-cv-8445, 2017 WL 2491999, at *4 (S.D.N.Y. May 15, 2017); *Trachtenberg v. Failedmessiah.com*, 43 F. Supp. 3d 198, 205 (E.D.N.Y. 2014) (Plaintiffs have "a problem of kind, not degree—[they] need[] new jurisdictional theories, not more evidence substantiating the theories [they have] already advanced.").

Here, as the Court recognized in its Order, Plaintiffs' only jurisdictional theory as to MAR was MAR's purported correspondent account with BONY. It is for that reason the Court identified the BONY account as the only potential basis for jurisdiction. Having come up empty with their unauthorized subpoena to BONY, Plaintiffs now maintain that the Complaint's use of the phrases "correspondent accounts," "correspondent relationships," and "banking institutions" in the Complaint—plural and not singular—adequately alleges that MAR *may have* had correspondent accounts in New York with other banks that *may have* facilitated the terrorist attacks relevant to Plaintiffs' claims. Such allegations are speculative, vague and conclusory, hence the restriction of jurisdictional discovery—over a foreign entity with no presence in the United States—to MAR's relationship with BONY. The Court made no reference to allegations of correspondent accounts with other banks, because Plaintiffs pleaded none. Unhappy with BONY's response—which they obtained in circumvention of the Court's Order—Plaintiffs now seek to undertake a "fishing expedition," which is expressly what the Court refused to authorize. (Order at 29).

The Honorable Ann M. Donnelly
May 10, 2023
Page 3 of 3

Plaintiffs, who have repeatedly declined to amend their Complaint, may not now bolster their deficient allegations by obtaining jurisdictional discovery as to conclusory allegations they have not made. "[I]t would not be difficult for a plaintiff suing a multinational foreign corporation" to make "conclusory non-fact-specific jurisdictional allegations and thus obtain extensive discovery on that issue. This would require the federal courts to conduct substantial jurisdictional discovery over foreign corporations—a practice in which they have not hitherto engaged." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185-86 (2d Cir. 1998).

The Court directed that jurisdictional discovery be "reasonably tailored." (Order at 29). Because Plaintiffs' attempts to obtain facts to support their jurisdictional allegations as to MAR have entirely failed, MAR requests a pre-motion conference ahead of an anticipated renewed motion to dismiss.[2]

Respectfully submitted,

/s/ *Carolina A. Fornos*

Carolina A. Fornos
Aryeh L. Kaplan (*pro hac vice*)

*Counsel for Defendant Masraf Al Rayan*

cc: All counsel of record (by ECF)

---

[2] MAR's renewed motion to dismiss would also move on the basis of Rule 12(b)(6), in addition to lack of jurisdiction under Rule 12(b)(2).