UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANNE CHANA HENKIN, Individually and as Personal Representative of the ESTATE OF JUDAH HERZEL HENKIN, ADERET RIVKAH HENKIN STERN, ELIASHIR ELIJAH HENKIN, JACOB BECHOR-SHALOM HENKIN, JOSEPH GIL HENKIN, TAAMA FREIDA HENKIN YAAKOVSON, MIRIAM FULD, Individually, as Personal Representative of the ESTATE OF ARI YOEL FULD, and as the Natural Guardian of N.S.F. (a minor), NAOMI FULD, TAMAR GILA FULD, ELIEZAR YAKIR FULD, HARVEY JONAS YONAH FULD, MARY ALICE FULD, DANIEL YAAKOV FULD, EYTAN FULD, and HILLEL CHAIM SHLOMO FULD,

Case No. 1:21-cv-05716

Plaintiffs,

-against-

QATAR CHARITY, QATAR NATIONAL BANK and MASRAF AL RAYAN,

Defendants.
-------------------------------------------------------------------X

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT QATAR CHARITY SEEKING JURISDICTIONAL DISCOVERY
AS MODIFIED BY AGREEMENT**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Civil Rules 26.2-26.4, and the Court's order dated March 31, 2023 [ECF 81], Plaintiffs, by their undersigned counsel, request that Defendant Qatar Charity answers the interrogatories set forth below in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules, and the definitions and instructions set forth below, and serves such answers on Plaintiffs' counsel at the email addresses set forth below within 30 days from the date of service hereof.

## DEFINITIONS

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, and the rules of construction set forth therein and in the Federal Rules of Civil Procedure, are all incorporated herein by reference.

2. **Including** means "including, but not limited to."

3. **You and Your.** The terms "You" and "Your" refer to Defendant Qatar Charity, including Defendant Qatar Charity operating under any other name including Nectar Trust, and its officers, directors, employees, agents, attorneys, representatives, managing agents, corporate parents, subsidiaries and affiliates, including Your operations in Ramallah.

4. **Masraf al Rayan**. The term "Masraf al Rayan" refers to Masraf al Ryan and its officers, directors, employees, agents, attorneys, representatives, managing agents, corporate parents, branches, subsidiaries and affiliates.

5. **Relevant Time Period**. The term "Relevant Time Period" means from ~~January~~October 1, ~~2011~~2012 through and including September 16, 2018.

6. **Palestinian Territories**. The term "Palestinian Territories" refers to the West Bank, including East Jerusalem, and the Gaza Strip.

## INTERROGATORIES

1. Identify all accounts maintained for You, in Your name, or for Your benefit at any time during the Relevant Time Period by Defendant Masraf al Rayan. For each such account state the name and address of the bank or branch at which the account was maintained, the type of account, all but the last 4 digits of the account number, and the dates during which the account was maintained.

2. Identify all bank accounts maintained by You, or for Your benefit, at any time during the Relevant Time Period at a bank or branch located in the Palestinian Territories, including any accounts maintained at the Bank of Palestine in Ramallah or the Islamic Bank in Ramallah. For each such account state the name and address of the bank branch, the type of account, all but the last 4 digits of the account number, and the dates during which the account was maintained.

Dated: April 12, 2023

FLEISCHMAN BONNER & ROCCO LLP

By:_____
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
Thomas M. Caroccia (tcaroccia@fbrllp.com)
81 Main Street, Suite 515
White Plains NY  10601
(908) 516-2043

HEIDEMAN NUDELMAN & KALIK, P.C.
Richard D. Heideman
Noel J. Nudelman
Tracy Reichman Kalik
Joseph H. Tipograph
5335 Wisconsin Avenue, NW
Washington, DC 20015
(202) 463-1818

PERLES LAW FIRM PC
Steven R. Perles
Joshua K. Perles
1050 Connecticut Ave. NW, Suite 500
Washington D.C. 20036
(202) 955-9055

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANNE CHANA HENKIN, Individually and as Personal Representative of the ESTATE OF JUDAH HERZEL HENKIN, ADERET RIVKAH HENKIN STERN, ELIASHIR ELIJAH HENKIN, JACOB BECHOR-SHALOM HENKIN, JOSEPH GIL HENKIN, TAAMA FREIDA HENKIN YAAKOVSON, MIRIAM FULD, Individually, as Personal Representative of the ESTATE OF ARI YOEL FULD, and as the Natural Guardian of N.S.F. (a minor), NAOMI FULD, TAMAR GILA FULD, ELIEZAR YAKIR FULD, HARVEY JONAS YONAH FULD, MARY ALICE FULD, DANIEL YAAKOV FULD, EYTAN FULD, and HILLEL CHAIM SHLOMO FULD,

Case No. 1:21-cv-05716

                Plaintiffs,

                -against-

QATAR CHARITY, QATAR NATIONAL BANK and MASRAF AL RAYAN,

                Defendants.
-------------------------------------------------------------------X

**PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT QATAR CHARITY SEEKING JURISDICTIONAL DISCOVERY**
**AS MODIFIED BY AGREEMENT**

Plaintiffs hereby request, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2-26.4, and the Court's March 31, 2023 Decision and Order [ECF 81], that defendant Qatar Charity make the documents specified herein available for inspection and copying at the offices of Fleischman Bonner & Rocco, LLP, 81 Main Street, Suite 515, White Plains, NY 10601 within thirty days from the date of service of this request, or at such other time and place as counsel may agree. Plaintiffs request that production be made in accordance with the definitions and instructions set forth below.

1

<u>Definitions</u>

1.     The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, and the rules of construction set forth therein and in the Federal Rules of Civil Procedure, are all incorporated herein by reference.

2.     **Including**. "Including" means "including, but not limited to."

3.     **Hamas**. The term "Hamas" means Harakat al-Muqawama al-Islamiyya also known as the Islamic Resistance Movement, including the "Da'wa" or social service and humanitarian wing thereof, as well any of their members, directors, officers, employees, agents, attorneys, representatives, subsidiaries, managing agents and affiliates, including any U.S. Treasury-designated SDNs listed as linked to Hamas.

4.     **Union of Good**. The term "Union of Good," also known as the Charity Coalition, refers to the umbrella organization consisting of over 50 Islamic organizations that funnel funding to Hamas and its component organizations, as well as its individual member organizations.

5.     **Masraf Al Ryan.** The term "Masraf Al Ryan" refers to defendant Masraf Al Ryan and any of its directors, officers, employees, agents, attorneys, representatives, branches, managing agents, corporate parents, subsidiaries and affiliates.

6.     **You** and **Your.** The terms "You" and "Your" refer to Defendant Qatar Charity, including Defendant Qatar Charity operating under any other name including Nectar Trust, and any of its officers, directors, employees, agents, attorneys, representatives, managing agents, corporate parents, subsidiaries and affiliates, including Your operations located in Ramallah.

7. **Relevant Time Period**. The term "Relevant Time Period" means from ~~January~~October 1, ~~2011~~2012 through and including September 16, 2018.

8. **U.S. Dollar-Denominated Transaction**. The term "U.S. Dollar-Denominated Transaction" means any transaction involving United States Dollars, including by which United States dollars are debited from one account and credited to another account, or transferred between financial institutions including via electronic funds transfer, or by which any currency is converted into United States dollars.

9. **~~U.S~~N.Y. Correspondent Account**.  The term "~~U.S~~N.Y. Correspondent Account" means any account maintained by Defendant Masraf al Rayan at a bank or bank branch located within ~~the United States~~New York for deposits, payments, wire transfers, or other financial transactions on behalf of Defendant Masraf al Rayan's customers.

10. **Interrogatories**.  The terms "Interrogatory" and "Interrogatories" refer to Plaintiffs' First Set of Interrogatories to Defendant Qatar Charity Seeking Jurisdictional Discovery dated April 12, 2023, served contemporaneously herewith.

<u>**INSTRUCTIONS**</u>

1. These document requests are continuing to require supplemental responses as specified in Fed. R. Civ. P. 26(e).

2. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed by:  you; your directors, officers, agents, representatives, subsidiaries, managing agents, affiliates, or investigators; or your attorneys or their agents, employees, representatives or investigators.

3. Documents are to be produced in full; redacted documents will not constitute compliance with this request. If any requested document or thing cannot be produced in full without reflecting attorney-client communications or attorney work product, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

4. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

5. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, produce all documents as they are kept in the usual course of business.

6. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

7. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

8. Documents attached to each other should not be separated.

9. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

10. If you claim the attorney-client privilege, or any other privilege or work product protection for any document, that document need not be produced, but you shall provide a privilege log including all of the information required by the Federal Rules of Civil Procedure, Local Civil Rule 26.2. and any other applicable law of this Circuit concerning that document.

11. Unless a different time period is set forth in a specific document request, and subject to Your obligation to supplement Your responses, these requests seek production of documents dated, created, sent or received between January 1, 2011 and the date of Your response.

12. To the extent that English language translations exist for any foreign-language documents responsive to any document request set forth herein, the English translations (clearly identified as such) shall be produced in addition to the original foreign language documents.

13. All documents shall be produced electronically and shall be Bates labeled and produced in a format agreed upon by counsel.  In the absence of an agreement, documents should be produced as single page tiffs (except that excel spreadsheets should be produced in native format); with OCR at the document level; and with the following load files:  LFP, OPT and DAT.  The following metadata shall be provided:  BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, PageCt, Author, To, Cc, Bcc, Custodian, Date Sent, Date Received, Date Created, Subject, FileName, DateLastMod, and MD5Hash.

**REQUESTS FOR PRODUCTION**

1. All documents concerning any agreements between You and Masraf al Rayan concerning any services provided to You or for Your benefit by Masraf al Ryan during the Relevant Time Period, including copies of all account agreements, including modifications to same, and account opening documents for the accounts identified in Your response to

Interrogatory No. 1 irrespective of the date of creation of the account agreements, modifications and account opening documents.

2. Documents sufficient to show all U.S. Dollar-Denominated Transactions effectuated for You, in Your name, or for Your benefit by Masraf al Rayan during the Relevant Time Period, including for each such transaction the date, currency, amount, and identity and geographic location of the accounts of any counterparties (including where the counterparty is an account maintained by You, in Your name, or for Your benefit).

3. All documents concerning all communications between You and Masraf al Rayan during the Relevant Time Period concerning U.S. Dollar-Denominated Transactions or ~~U.S~~N.Y. Correspondent Accounts, including copies of instructions or advices or confirmations concerning specific U.S. Dollar-Denominated Transactions, periodic account statements reflecting specific U.S. Dollar-Denominated Transactions, and communications concerning Masraf al Rayan's methods or procedures for carrying out U.S. Dollar-Denominated Transactions, Masraf al Rayan's ability to carry out U.S. Dollar-Denominated Transactions, or Masraf al Rayan's use of ~~U.S~~N.Y. Correspondent Accounts.

4. All documents concerning the closure of Your Ramallah operations in or about 2015 and the related criminal convictions of Your employees, and the indictment, guilty plea, conviction and sentence of Fadi Manasra referenced in the Court's March 31, 2023 Decision and Order [ECF 81] at 4.

5. All documents concerning any ~~U.S~~N.Y. Correspondent Account, the Bank of New York Mellon, or Masraf al Rayan's effectuation of U.S. Dollar-Denominated Transactions on behalf of its customers, including You.

6. All documents concerning how banks located outside the United States effectuate U.S. Dollar-Denominated Transactions.

7. Documents sufficient to show: (a) all ~~transfers~~<ins>U.S. Dollar-Denominated Transactions</ins> during the Relevant Time Period made from any of the accounts identified in Your response to Interrogatory No. 2 to any organization, individual, or "zakat" committee (including as described in paragraphs 93-97 of the Complaint filed in this action on October 13, 2021) affiliated with Hamas, the Union of Good, Hebron Islamic Charity Society, or Elehssan Society; (b) all payments made to the Bank of Palestine to purchase anonymous debit cards also known as Sanabel cards; and (c) all cash withdrawals from any of the accounts identified in Your response to Interrogatory No. 2.

8. All documents concerning ~~transfers~~<ins>U.S. Dollar-Denominated Transactions that originated</ins> from Your account at Masraf al Rayan in Doha ~~to~~<ins>and involved</ins> any of your accounts in Ramallah, including the transfers alleged at paragraph 130 of the Complaint filed in this action on October 13, 2021, including Your instructions to Masraf al Rayan concerning those transactions, Masraf al Rayan's advices or confirmations to You concerning those transactions, and the period account statements that reflect those transactions.

9. Your document retention/destruction policy applicable to all of the records sought in these document requests.

10. Any litigation holds or other documents prepared by or for You that instructed Your employees to maintain any documents ~~relevant to the matters at issue in this litigation.~~<ins>sought in these document requests.</ins>

Dated: April 12, 2023                    **FLEISCHMAN BONNER & ROCCO LLP**

By: _____
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
Thomas M. Caroccia (tcaroccia@fbrllp.com)
81 Main Street, Suite 515
White Plains N.Y. 10601
(908) 516-2066

HEIDEMAN NUDELMAN & KALIK, P.C.
Richard D. Heideman
Noel J. Nudelman
Tracy Reichman Kalik
Joseph H. Tipograph
5335 Wisconsin Avenue, NW
Washington, DC 20015
(202) 463-1818

PERLES LAW FIRM PC
Steven R. Perles
Joshua K. Perles
1050 Connecticut Ave. NW, Suite 500
Washington D.C. 20036
(202) 955-9055

*Counsel for Plaintiffs*