EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANNE CHANA HENKIN, Individually and as Personal Representative of the ESTATE OF JUDAH HERZEL HENKIN, ADERET RIVKAH HENKIN STERN, ELIASHIR ELIJAH HENKIN, JACOB BECHOR-SHALOM HENKIN, JOSEPH GIL HENKIN, TAAMA FREIDA HENKIN YAAKOVSON, MIRIAM FULD, Individually, as Personal Representative of the ESTATE OF ARI YOEL FULD, and as the Natural Guardian of N.S.F. (a minor), NAOMI FULD, TAMAR GILA FULD, ELIEZAR YAKIR FULD, HARVEY JONAS YONAH FULD, MARY ALICE FULD, DANIEL YAAKOV FULD, EYTAN FULD, and HILLEL CHAIM SHLOMO FULD,

Case No. 1:21-cv-05716

                 Plaintiffs,

                 -against-

QATAR CHARITY, QATAR NATIONAL BANK and MASRAF AL RAYAN,

                 Defendants.
-------------------------------------------------------------------X

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT MASRAF AL RAYAN SEEKING JURISDICTIONAL DISCOVERY
AS MODIFIED BY AGREEMENT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Local Civil Rules 26.2-26.4, and the Court's March 31, 2023 Decision and Order [ECF 81], Plaintiffs, by their undersigned counsel, request that defendant Masraf al Rayan answers the interrogatories set forth below in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules, and the definitions set forth below, and serves such answers on Plaintiffs' counsel at the email addresses set forth below within 30 days from the date of service hereof.

1

**EXHIBIT 2**

## DEFINITIONS

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, and the rules of construction set forth therein and in the Federal Rules of Civil Procedure, are all incorporated herein by reference.

2. **Including**. "Including" means "including, but not limited to."

3. **Qatar Charity.** The term "Qatar Charity" refers to Defendant Qatar Charity, including Defendant Qatar Charity operating under any other name including Nectar Trust, and its officers, directors, employees, agents, attorneys, representatives, managing agents, corporate parents, subsidiaries and affiliates, including the Qatar Charity operations located in Ramallah.

4. **Relevant Time Period.** The term "Relevant Time Period" means from ~~January~~October 1, ~~2011~~2012 through and including September 16, 2018.

5. ~~U.S.~~N.Y. **Correspondent Account**. The term "~~U.S.~~N.Y. Correspondent Account" means any account that You maintained at a bank or bank branch located within ~~the United States~~New York for deposits, payments, and transfers of funds on behalf of your customers including Qatar Charity.

6. **You and Your.** The terms "You" or "Your" refer to Defendant Masraf al Rayan and, its branches, officers, directors, employees, agents, attorneys, representatives, managing agents, corporate parents, subsidiaries and affiliates.

7. **Palestinian Territories**. The term "Palestinian Territories" refers to the West Bank, including East Jerusalem, and the Gaza Strip.

8. **U.S. Dollar-Denominated Transaction**. The term "U.S. Dollar-Denominated Transaction" means any transaction involving United States Dollars, including by which United

2

States dollars are debited from one account and credited to another account, or transferred between financial institutions including via electronic funds transfer, or by which any currency is converted into United States dollars.

### INTERROGATORIES

1. Identify any ~~U.S~~N.Y. Correspondent Account You maintained at any time during the Relevant Time Period. For each such account state name and address of the bank at which it was maintained, all but the last four digits of the account number, and the dates during which the account was maintained.

2. Identify any accounts maintained by You for Qatar Charity, in Qatar Charity's name, or for Qatar Charity's benefit at any time during the Relevant Time Period. For each such account, state the address of Your branch where the account was maintained, all but the last four digits of the account number, the type of account, the currency in which the account was maintained, and the dates during which the account was maintained.

3. Identify all of the accounts identified in Your response to Interrogatory No. 2 for which You at any time during the Relevant Time Period ~~transferred funds~~executed U.S. Dollar-Denominated Transactions using any of the ~~U.S~~N.Y. Correspondent Accounts identified in Your response to Interrogatory No. 1. For each such account, state the address of Your branch where the account was maintained and all but the last four digits of the account number.

4. State the total number of times during the Relevant Time Period that You executed a ~~transfer of funds~~U.S. Dollar-Denominated Transaction on behalf of or for the benefit of Qatar Charity ~~to~~involving an account maintained at a financial institution located in the Palestinian Territories (including any account located at Bank of Palestine in Ramallah or Palestine Islamic Bank in Ramallah) using any of the ~~U.S~~N.Y. Correspondent Accounts

3

identified in Your response to Interrogatory No. 1, and state the total value of such all transfers during the Relevant Time Period.

Dated: April 12, 2023

FLEISCHMAN BONNER & ROCCO LLP

By: *(signature: James P. Bonner)*
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
Thomas M. Caroccia (tcaroccia@fbrllp.com)
81 Main Street, Suite 515
White Plains N.Y. 10601
(646) 415-1399

HEIDEMAN NUDELMAN & KALIK, P.C.
Richard D. Heideman
Noel J. Nudelman
Tracy Reichman Kalik
Joseph H. Tipograph
5335 Wisconsin Avenue, NW
Washington, DC 20015
(202) 463-1818

PERLES LAW FIRM PC
Steven R. Perles
Joshua K. Perles
1050 Connecticut Ave. NW, Suite 500
Washington D.C. 20036
(202) 955-9055

*Counsel for Plaintiffs*

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANNE CHANA HENKIN, Individually and as Personal Representative of the ESTATE OF JUDAH HERZEL HENKIN, ADERET RIVKAH HENKIN STERN, ELIASHIR ELIJAH HENKIN, JACOB BECHOR-SHALOM HENKIN, JOSEPH GIL HENKIN, TAAMA FREIDA HENKIN YAAKOVSON, MIRIAM FULD, Individually, as Personal Representative of the ESTATE OF ARI YOEL FULD, and as the Natural Guardian of N.S.F. (a minor), NAOMI FULD, TAMAR GILA FULD, ELIEZAR YAKIR FULD, HARVEY JONAS YONAH FULD, MARY ALICE FULD, DANIEL YAAKOV FULD, EYTAN FULD, and HILLEL CHAIM SHLOMO FULD,

Case No. 1:21-cv-05716

                      Plaintiffs,

                   -against-

QATAR CHARITY, QATAR NATIONAL BANK and MASRAF AL RAYAN,

                      Defendants.
-------------------------------------------------------------------X

**PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS
TO DEFENDANT MASRAF AL RAYAN SEEKING JURISDICTIONAL DISCOVERY
AS MODIFIED BY AGREEMENT**

      Plaintiffs hereby request, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Civil Rules 26.2-26.4, and the Court's March 31, 2023 Decision and Order [ECF 81], that defendant Masraf al Rayan make the documents specified herein available for inspection and copying at the offices of Fleischman Bonner & Rocco, LLP, 81 Main Street, Suite 515, White Plains, NY 10601 within thirty days from the date of service of this request, or at such other time and place as counsel may agree. Plaintiffs request that production be made in accordance with the definitions and instructions set forth below.

1

## DEFINITIONS

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, and the rules of construction set forth therein and in the Federal Rules of Civil Procedure, are all incorporated herein by reference.

2. **Including**. "Including" means "including, but not limited to."

3. **You and Your.** The terms "You" and "Your" refers to defendant Masraf al Rayan and any of its directors, officers, employees, agents, attorneys, representatives, managing agents, corporate parents, subsidiaries and affiliates.

4. **Qatar Charity.** The term "Qatar Charity" refers to Defendant Qatar Charity, including Defendant Qatar Charity operating under any other name including Nectar Trust, and its officers, directors, employees, agents, attorneys, representatives, managing agents, corporate parents, subsidiaries and affiliates, including the Qatar Charity operations located in Ramallah.

5. **Relevant Time Period**. The term "Relevant Time Period" means from ~~January~~October 1, ~~2011~~2012 through and including September 16, 2018.

6. **U.S. Dollar-Denominated Transaction**. The term "U.S. Dollar-Denominated Transaction" means any transaction involving United States Dollars, including by which amounts of United States dollars are debited from one account and credited to another account, or transferred between financial institutions including via electronic funds transfer, or by which any currency is converted into United States dollars.

7. ~~U.S.~~**N.Y**. **Correspondent Account**. The term "~~U.S.~~N.Y. Correspondent Account" means any account that You maintained at a bank or bank branch located within ~~the United~~

2

~~States~~New York for deposits, payments, wire transfers, or other financial transactions on behalf of Your customers including Qatar Charity.

8.      **Interrogatories**.  The terms "Interrogatory" and "Interrogatories" refer to Plaintiffs' First Set of Interrogatories to Defendant Masraf al Rayan Seeking Jurisdictional Discovery dated April 12, 2023, served contemporaneously herewith.

## INSTRUCTIONS

1.      These document requests are continuing so as to require supplemental responses as specified in Fed. R. Civ. P. 26(e).

2.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed by:  you; your directors, officers, agents, representatives, subsidiaries, managing agents, affiliates, or investigators; or your attorneys or their agents, employees, representatives or investigators.

3.      Documents are to be produced in full; redacted documents will not constitute compliance with this request.  If any requested document or thing cannot be produced in full without reflecting attorney-client communications or attorney work product, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

4.      In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

5. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, produce all documents as they are kept in the usual course of business.

6. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

7. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

8. Documents attached to each other should not be separated.

9. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

10. If you claim the attorney-client privilege, or any other privilege or work product protection for any document, that document need not be produced, but you shall provide a privilege log including all of the information required by the Federal Rules of Civil Procedure, Local Civil Rule 26.2. and any other applicable law of this Circuit concerning that document.

11. Unless a different time period is set forth in a specific document request, and subject to Your obligation to supplement Your responses, these requests seek production of documents dated, created, sent, or received between January 1, 2011 and the date of Your response.

**EXHIBIT 2**

12. To the extent that English language translations exist for any foreign-language documents responsive to any document request set forth herein, the English translations (clearly identified as such) shall be produced in addition to the original foreign language documents.

13. All documents shall be produced electronically and shall be Bates labeled and produced in a format agreed upon by counsel. In the absence of an agreement, documents should be produced as single page tiffs (except that excel spreadsheets should be produced in native format); with OCR at the document level; and with the following load files: LFP, OPT and DAT. The following metadata shall be provided: BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, PageCt, Author, To, Cc, Bcc, Custodian, Date Sent, Date Received, Date Created, Subject, FileName, DateLastMod, and MD5Hash.

### REQUESTS FOR PRODUCTION

1. Documents sufficient to show all ~~account activity~~ U.S. Dollar-Denominated Transactions during the Relevant Time Period in each of the ~~U.S~~N.Y. Correspondent Accounts identified in Your response to Interrogatory No. ~~1 and in any such account at Bank of New York Mellon,~~1 effectuated on behalf of or for the benefit of Qatar Charity or any of the accounts identified in Your response to Interrogatory No. 3, including for all such activity the date, currency, and amount of each such transaction, and the identity and geographic location of the accounts of any counterparties to each such transaction (including where the counterparty is an account maintained by, in the name of, or for the benefit of Qatar Charity).

2. All documents concerning any agreements between You and Qatar Charity concerning any services You provide to or for the benefit of Qatar Charity during the Relevant Time Period, including copies of all account agreements, including modifications to same, and account opening documents for the accounts identified in Your response to Interrogatory No. 2 irrespective of the date of creation of the account agreements and account opening documents.

5

3. All documents concerning any communications between You and Qatar Charity during the Relevant Time Period concerning U.S. Dollar-Denominated Transactions or ~~U.S~~N.Y. Correspondent Accounts, including copies of instructions or advices or confirmations concerning specific U.S. Dollar-Denominated Transactions, and communications concerning Your methods or procedures for carrying out U.S. Dollar-Denominated Transactions, Your ability to carry out U.S. Dollar-Denominated Transactions, or Your use of ~~U.S~~N.Y. Correspondent Accounts.

4. Copies of all account agreements, including modifications to same, and account opening documents for each of the ~~U.S~~N.Y. Correspondent Accounts identified in Your response to Interrogatory No. ~~1 and any such account at Bank of New York Mellon~~1, irrespective of the date of creation of such documents.

5. All documents concerning any communications with Qatar Charity concerning any of the account activity reflected in the documents responsive to Document Request 1 above, including Qatar Charity's instructions to You concerning those transactions, and Your advices or confirmations provided to Qatar Charity concerning those transactions, and the periodic account statements You provided to Qatar Charity that reflected those transactions.

6. All documents concerning ~~transfers~~U.S. Dollar-Denominated Transactions that originated from Qatar Charity's account at Your branch in Doha ~~to~~and involved a Qatar Charity bank account in Ramallah and that involved at any level a ~~U.S~~N.Y. Correspondent Account, including the transfers alleged at ¶ 130 of the Complaint filed in this action on October 13, 2021, including Qatar Charity's instructions to You concerning those transfers, and Your advices or confirmations provided to Qatar Charity concerning those transfers, and the periodic account statements You provided to Qatar Charity that reflect those transfers.

7. ~~All documents concerning Qatar Charity's purchase of anonymous debit cards also known as Sanabel cards from the Bank of Palestine.~~[Request withdrawn.]

6

EXHIBIT 2

8. All documents concerning any public statements, advertisements, or promotional materials made or disseminated by You or on Your behalf concerning: (a) ~~U.S~~N.Y. Correspondent Accounts maintained by You; (b) Your ability to effectuate U.S. Dollar Denominated transactions on behalf of customers; or (c) Your ability to convert other currencies into U.S. Dollars.

9. Your document retention/destruction policy applicable to all of the records sought in these document requests.

10. Any litigation holds or other documents prepared by or for You that instructed Your employees to maintain any documents ~~relevant to the matters at issue in this litigation.~~ sought in these document requests.

Dated: April 12, 2023

FLEISCHMAN BONNER & ROCCO LLP

By: _James P. Bonner (signature)_
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
Thomas M. Caroccia (tcaroccia@fbrllp.com)
81 Main Street, Suite 515
White Plains N.Y. 10601
(908) 516-2066

HEIDEMAN NUDELMAN & KALIK, P.C.
Richard D. Heideman
Noel J. Nudelman
Tracy Reichman Kalik
Joseph H. Tipograph
5335 Wisconsin Avenue, NW
Washington, DC 20015
(202) 463-1818

7

PERLES LAW FIRM PC
Steven R. Perles
Joshua K. Perles
1050 Connecticut Ave. NW, Suite 500
Washington D.C. 20036
(202) 955-9055

*Counsel for Plaintiffs*

8