UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANNE CHANA HENKIN, *et al*,

                Plaintiffs,

       -against-

QATAR CHARITY, *et al.*,

                Defendants,

       -and-

MOSHE FULD; MICHAL FULD; ELI FULD; and BEN ZION FULD,

                Proposed Intervenor Plaintiffs.

-------------------------------------------------------------------X

Case No. 1:21-cv-5716

**NOTICE OF MOTION**

## MEMORANDUM OF LAW IN SUPPORT OF PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE

The existing operative complaint herein (Dkt. 1) asserts claims on behalf of members of the Fuld family, specifically Miriam Fuld, Naomi Fuld, Tamar Gila Fuld, Eliezer Yakir Fuld, Harvey Jonas Yonah Fuld, Mary Alice Fuld, Daniel Yaakov Fuld, Eytan Fuld and Hillel Chaim Shlomo Fuld. These individuals are all relatives of Ari Yoel Fuld, whom, the existing complaint alleges, was murdered in a Hamas terror attack on September 16, 2018. Proposed Intervenors are Moshe Fuld, Michal Fuld, Eli Fuld, and Ben Zion Fuld, the brother, niece, and nephews, respectively, of Ari Yoel Fuld. Proposed Intervenors' claim is based on the same facts as the claims of the Fuld family members in the existing complaint. Proposed Intervenors therefore respectfully ask that they be permitted to file the proposed intervenor complaint so that they may assert their claims alongside their family members.

Fed. R. Civ. P. 24(b) provides that "on timely motion, the Court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).

This case is in its earliest stages. Discovery has not yet taken place, and there have been no substantive rulings on any merits issue in the case. As such, there is no prejudice to any party if these additional family members of the murdered Ari Yoel Fuld are permitted to intervene and assert their own claims alongside their family members. The facts as alleged in the Proposed Intervenors' proposed complaint are identical to those alleged in the current operative complaint. Permitting intervention will thus not alter anything or create any delays.

On the other hand, denying intervention would mean that the Proposed Intervenors would have to file and serve a new complaint, which would involve a considerable delay for service on international defendants, and then would ultimately have to repeat for themselves discovery that takes place without their participation in this case.

The existing Fuld plaintiffs will not adequately protect the interests of the Proposed Intervenors as they are asserting only claims for themselves. Although the facts they need to prove with respect to liability are the same as the Proposed Intervenors would have to prove, each plaintiff has his or her own damages to prove.

For the sake of efficiency this Court should permit the Proposed Intervenors to file their proposed complaint so that the claims of all interested members of the Fuld family can have their claims heard at once.

Dated:  Brooklyn, New York
        May 24, 2023

-3-

        Respectfully submitted,

        THE BERKMAN LAW OFFICE, LLC
        *Attorneys for the Proposed Intervenor Plaintiffs*

by: _____
        Robert J. Tolchin

        829 East 15th Street, Box 7
        Brooklyn, New York 11230
        718-855-3627