UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE CHANA HENKIN, *et al.*, <br><br> Plaintiffs, <br><br> - against - <br><br> QATAR CHARITY, *et al.*, <br><br> Defendants. | 1:21-cv-05716 (AMD) (VMS) |

**DEFENDANT MASRAF AL RAYAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES SEEKING JURISDICTIONAL DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant Masraf Al Rayan ("MAR"), by and through its undersigned counsel, hereby responds and objects to Plaintiffs' First Set of Interrogatories (Nos. 1-4) (the "Interrogatories," and each individually, an "Interrogatory"), as follows:

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

MAR makes the following General Objections and Reservation of Rights to the Interrogatories ("General Objections"):

1. MAR objects to the Interrogatories as outside the scope of Judge Donnelly's Order (ECF No. 81) ("Order"). The Order granted limited jurisdictional discovery only. Judge Donnelly held that "plaintiffs' generalized allegations are insufficient to satisfy New York's long-arm statute" or "the due process requirement." (Order, at 22). Accordingly, Judge Donnelly granted jurisdictional discovery only to determine if there are "key *supporting* facts" that Plaintiffs could "identify…if given the opportunity" to cure those deficiencies. (*Id.* at 26 (emphasis added)). Jurisdictional discovery may not "amount to a fishing expedition." (*Id.* at 29). As to MAR,

"[d]iscovery will be limited to document requests and interrogatories that could show the frequency with which Masraf al Rayan used of the Bank of New York Mellon account, and whether that use was deliberate, during the time period relevant to the terrorist attacks, and that the plaintiffs' claims arose from Masraf al Rayan contacts with New York." (*Id*. at 29). "Discovery must be reasonably tailored to this jurisdictional issue." (*Id.*)  Moreover, the Order permitted the parties only 120 days to conduct discovery, further indicating that discovery is to be narrow.  Under these circumstances, MAR objects to the Interrogatories to the extent that they seek disclosure of information untethered to any jurisdictional allegation in the Complaint are inappropriate, and far exceed the Court's grant.

2. MAR objects to the definition of "Relevant Time Period," defined as the period from January 1, 2011 through September 16, 2018, as outside the scope of the Order, overbroad, and unduly burdensome.  Plaintiffs' Complaint does not reference this time period.  The Complaint only alleges that any purported misconduct by MAR ceased in 2015.  The notion, implicit in the Interrogatories, that any of the jurisdictional allegations in the Complaint postdate 2015 is unsupported by both the Complaint and the Order.

3. MAR objects to the definition of "U.S. Correspondent Account" as outside the scope of the Order, overbroad, and unduly burdensome.  Plaintiffs assert jurisdiction only on the basis of an alleged account at Bank of New York Mellon (the "BONY Account"), (*see, e.g.*, ¶¶ 130(d), 161-62), and Plaintiffs have not offered any jurisdictional theories about any other purported account.  The Order references the BONY Account specifically in its description of the discovery Plaintiffs may seek and uses the BONY Account to limit the scope of jurisdictional discovery.  Nothing in the Order permits Plaintiffs to collect information about any alleged correspondent account that MAR may maintain in the United States.  The Order limits Plaintiffs

to collecting information only about the BONY Account.

4. MAR objects to the definitions of "You and "Your" to the extent they purport to seek information, documents or materials from any person or entity other than MAR. MAR will only produce information, documents and materials within its own possession, custody or control.

5. MAR objects to the Interrogatories as improper as jurisdictional discovery is no longer appropriate in light of unauthorized non-party discovery taken by Plaintiffs, mooting these Interrogatories.

6. MAR's objections and responses are based upon information that is reasonably available to MAR at this time. MAR continues to investigate areas relevant to the Interrogatories, and expressly reserves and does not waive the right to amend, revise, correct, add to, supplement or clarify any of these responses at any time, as required under Federal Rule of Civil Procedure 26(e)(1) or the Local Rules.

7. MAR expressly reserves and does not waive all rights to object to the competency, relevancy, materiality, privilege or admissibility of any response to the Interrogatories.

8. MAR objects to the Interrogatories to the extent that they seek information that constitutes work product, was prepared in anticipation of or in connection with litigation, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys or consultants for MAR, contains privileged attorney-client communications, is protected by the common interest privilege, joint defense privilege, the bank examination privilege, the suspicious activity report privilege, bank secrecy obligations under Qatari law, or is otherwise protected from disclosure under applicable privileges, protections, immunities, laws or rules. Such information is protected from disclosure and will not be disclosed, and any inadvertent disclosure should not be deemed a waiver of any privilege. Upon notification that such disclosure was inadvertent, the documents

and any copies thereof shall be returned to MAR in accordance with the applicable provisions of a protective order.

9. MAR objects to each Interrogatory to the extent that it seeks information not relevant to allegations of "the frequency with which [MAR] used of the Bank of New York Mellon account, and whether that use was deliberate, during the time period relevant to the terrorist attacks, and that the plaintiffs' claims arose from [MAR's] contacts with New York."

10. MAR objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, vague, ambiguous, harassing, duplicative or cumulative. MAR further objects to each Interrogatory to the extent that it fails to identify the information sought with reasonable particularity or requires an unduly burdensome search of Plaintiffs' records or is exceedingly expensive to respond.

11. A protective order will need to be entered prior to production of any information.

12. The following specific responses fully incorporate, and are subject to, and are made without waiver of, the foregoing General Objections.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY REQUEST NO. 1:** Identify any U.S. Correspondent Account You maintained at any time during the Relevant Time Period. For each such account state name and address of the bank at which it was maintained, all but the last four digits of the account number, and the dates during which the account was maintained.

**RESPONSE TO INTERROGATORY REQUEST NO. 1:** MAR incorporates by reference its General Objections as if set forth herein. The Interrogatory is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order. Plaintiffs' jurisdictional allegations relate only to MAR's alleged ties with the New York forum, and jurisdictional discovery was only granted on

4

that basis. (*See* Order at 29). Plaintiffs' jurisdictional allegations relate only to MAR's alleged "use[] of the Bank of New York Mellon account," and jurisdictional discovery was granted only on that basis. (*Id.*)

Subject to and without waiving any of its objections, MAR is endeavoring to identify the BONY Accounts it maintained between January 1, 2011 and December 31, 2015 and will supplement or amend this Response accordingly.

**INTERROGATORY REQUEST NO. 2:** Identify any accounts maintained by You for Qatar Charity, in Qatar Charity's name, or for Qatar Charity's benefit at any time during the Relevant Time Period. For each such account, state the address of Your branch where the account was maintained, all but the last four digits of the account number, the type of account, the currency in which the account was maintained, and the dates during which the account was maintained.

**RESPONSE TO INTERROGATORY REQUEST NO. 2:** MAR incorporates by reference its General Objections as if set forth herein. The Interrogatory is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order. MAR objects on the grounds that the Interrogatory seeks information about alleged transfers made to accounts located around the world, even though Plaintiffs' jurisdictional allegations only relate to transfers to the Palestinian Territories specifically.

Subject to and without waiving any of its objections, MAR is endeavoring to identify the accounts it maintained for Qatar Charity by which funds were transferred into the Palestinian Territories using a BONY Account and will supplement or amend this Response accordingly.

**INTERROGATORY REQUEST NO. 3:** Identify all of the accounts identified in Your response to Interrogatory No. 2 for which You at any time during the Relevant Time Period transferred funds using any of the U.S. Correspondent Accounts identified in Your response to Interrogatory

5

4890-5852-5275

No. 1. For each such account, state the address of Your branch where the account was maintained and all but the last four digits of the account number.

**RESPONSE TO INTERROGATORY REQUEST NO. 3:** MAR incorporates by reference its General Objections as if set forth herein. The Interrogatory is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order. MAR objects on the grounds that the Interrogatory seeks information about alleged transfers made to accounts located around the world, even though Plaintiffs' jurisdictional allegations only relate to transfers to the Palestinian Territories specifically.

Subject to and without waiving any of its objections, MAR is endeavoring to identify the accounts it maintained for Qatar Charity by which funds were transferred into the Palestinian Territories using a BONY Account and will supplement or amend this Response accordingly.

**INTERROGATORY REQUEST NO. 4:** State the total number of times during the Relevant Time Period that You executed a transfer of funds on behalf of or for the benefit of Qatar Charity to an account maintained at a financial institution located in the Palestinian Territories (including any account located at Bank of Palestine in Ramallah or Palestine Islamic Bank in Ramallah) using any of the U.S. Correspondent Accounts identified in Your response to Interrogatory No. 1, and state the total value of such all transfers during the Relevant Time Period.

**RESPONSE TO INTERROGATORY REQUEST NO. 4:** MAR incorporates by reference its General Objections as if set forth herein. The Interrogatory is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order. MAR objects on the grounds that the Interrogatory seeks information about alleged transfers in any currency, not just dollars. Because Plaintiffs' jurisdictional allegations hinge on the assertion that U.S. dollars are "coveted" and "the primary currency of Middle East terrorist networks," (Compl. ¶ 5), Plaintiffs have no basis to seek

information about transfers in other currencies.

Subject to and without waiving any of its objections, MAR is endeavoring to provide the total number of times during the time period of January 1, 2011 to December 2015 that MAR executed a transfer of funds in U.S. dollars from a BONY Account on behalf of Qatar Charity by which U.S. dollars were deposited in an account maintained at a financial institution located in the Palestinian Territories, and the total value of all such transfers, and will supplement or amend this Response accordingly.

Dated: May 15, 2023
      New York, New York

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Carolina A. Fornos*
    Carolina A. Fornos
    Pillsbury Winthrop Shaw Pittman LLP
    31 West 52nd Street
    New York, NY 10019-6131
    Tel.:  (212) 858-1000
    Fax:  (212) 858-1500

    Aryeh L. Kaplan (*pro hac vice*)
    Pillsbury Winthrop Shaw Pittman LLP
    600 Brickell Avenue, Suite 3100
    Miami, FL 33131
    Tel.:  (786) 913-4900
    Fax:  (786) 913-4901
    *Counsel for Defendant Masraf Al Rayan*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on this 15th day of May, 2023, a true and correct copy of the foregoing was served by e-mail on the following:

James P. Bonner
Patrick L. Rocco
Susan M. Davies
Thomas M. Caroccia
FLEISCHMAN BONNER & ROCCO LLP
81 Main Street, Suite 515
White Plains, New York 10601

*Counsel for Plaintiffs*

            */s/ Carolina A. Fornos*
            Carolina A. Fornos

4890-5852-5275

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNE CHANA HENKIN, *et al.*,

                Plaintiffs,

- against -

QATAR CHARITY, *et al*.,

                Defendants.

1:21-cv-05716 (AMD) (VMS)

## DEFENDANT MASRAF AL RAYAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS SEEKING JURISDICTIONAL DISCOVERY

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant Masraf Al Rayan ("MAR"), by and through its undersigned counsel, hereby responds and objects to Plaintiffs' First Request for the Production of Documents (Nos. 1-10) (the "Requests," and each individually, a "Request") as follows:

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

MAR makes the following General Objections and Reservation of Rights to the Requests ("General Objections"):

1.     MAR objects to the Requests as outside the scope of Judge Donnelly's Order (ECF No. 81) ("Order"). The Order granted limited jurisdictional discovery only. Judge Donnelly held that "plaintiffs' generalized allegations are insufficient to satisfy New York's long-arm statute" or "the due process requirement." (Order, at 22). Accordingly, Judge Donnelly granted jurisdictional discovery only to determine if there are "key *supporting* facts" that Plaintiffs could "identify…if given the opportunity" to cure those deficiencies. (*Id.* at 26 (emphasis added)). Jurisdictional discovery may not "amount to a fishing expedition." (*Id.* at 29). As to MAR, "[d]iscovery will be

limited to document requests and interrogatories that could show the frequency with which Masraf al Rayan used of the Bank of New York Mellon account, and whether that use was deliberate, during the time period relevant to the terrorist attacks, and that the plaintiffs' claims arose from Masraf al Rayan contacts with New York." (*Id*. at 29). "Discovery must be reasonably tailored to this jurisdictional issue." (*Id.*) Moreover, the Order permitted the parties only 120 days to conduct discovery, further indicating that discovery is to be narrow. Under these circumstances, MAR objects to the Requests to the extent that they seek disclosure of information untethered to any jurisdictional allegation in the Complaint are inappropriate, and far exceed the Court's grant.

2. MAR objects to the definition of "Relevant Time Period," defined as the period from January 1,2011 through September 16, 2018, as outside the scope of the Order, overbroad, and unduly burdensome. Plaintiffs' Complaint does not reference this time period. The Complaint only alleges that any purported misconduct by MAR ceased in 2015. The notion, implicit in the Requests, that any of the jurisdictional allegations in the Complaint postdate 2015 is unsupported by both the Complaint and the Order.

3. MAR objects to the definition of "U.S. Correspondent Account" as outside the scope of the Order, overbroad, and unduly burdensome. Plaintiffs assert jurisdiction only on the basis of an alleged account at Bank of New York Mellon (the "BONY Account"), (*see, e.g.*, ¶¶ 130(d), 161-62), and Plaintiffs have not offered any jurisdictional theories about any other purported account. The Order references the BONY Account specifically in its description of the discovery Plaintiffs may seek and uses the BONY Account to limit the scope of jurisdictional discovery. Nothing in the Order permits Plaintiffs to collect information about any alleged correspondent account that MAR may maintain in the United States. The Order limits Plaintiffs to collecting information only about the BONY Account.

2

4. MAR objects to the definitions of "You and "Your" to the extent they purport to seek information, documents or materials from any person or entity other than MAR. MAR will only produce information, documents and materials within its own possession, custody or control.

5. MAR objects to the Requests as improper as jurisdictional discovery is no longer appropriate in light of unauthorized non-party discovery taken by Plaintiffs, mooting these Requests.

6. MAR's objections and responses are based upon information that is reasonably available to MAR at this time. MAR continues to investigate areas relevant to the Requests, and expressly reserves and does not waive the right to amend, revise, correct, add to, supplement or clarify any of these responses at any time, as required under Federal Rule of Civil Procedure 26(e)(1) or the Local Rules.

7. MAR expressly reserves and does not waive all rights to object to the competency, relevancy, materiality, privilege or admissibility of any response or documents produced in response to the Requests.

8. MAR objects to the Requests to the extent that they seek information that constitutes work product, was prepared in anticipation of or in connection with litigation, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys or consultants for MAR, contains privileged attorney-client communications, is protected by the common interest privilege, joint defense privilege, the bank examination privilege, the suspicious activity report privilege, bank secrecy obligations under Qatari law, or is otherwise protected from disclosure under applicable privileges, protections, immunities, laws or rules. Such information is protected from disclosure and will not be disclosed, and any inadvertent disclosure should not be deemed a waiver of any privilege. Upon notification that such disclosure was inadvertent, the documents

3

4894-1137-1099

and any copies thereof shall be returned to MAR in accordance with the applicable provisions of a protective order.

9. MAR objects to each Request to the extent that it seeks information not relevant to allegations of "the frequency with which [MAR] used of the Bank of New York Mellon account, and whether that use was deliberate, during the time period relevant to the terrorist attacks, and that the plaintiffs' claims arose from [MAR's] contacts with New York."

10. MAR objects to each Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, harassing, duplicative or cumulative. MAR further objects to each Request to the extent that it fails to identify the information sought with reasonable particularity or requires an unduly burdensome search of Plaintiffs' records or is exceedingly expensive to respond.

11. A protective order will need to be entered prior to production of any information.

12. The following specific responses fully incorporate, and are subject to, and are made without waiver of, the foregoing General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

**DOCUMENT REQUEST NO. 1:** Documents sufficient to show all account activity during the Relevant Time Period in each of the U.S. Correspondent Accounts identified in Your response to Interrogatory No. 1 and in any such account at Bank of New York Mellon, effectuated on behalf of or for the benefit of Qatar Charity or any of the accounts identified in Your response to Interrogatory No. 3, including for all such activity the date, currency, and amount of each such transaction, and the identity and geographic location of the accounts of any counterparties to each such transaction (including where the counterparty is an account maintained by, in the name of, or for the benefit of Qatar Charity).

**RESPONSE TO DOCUMENT REQUEST NO. 1:** MAR incorporates by reference its General Objections as if set forth herein. MAR objects on the grounds that the Request is inconsistent with the Order. The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.

Subject to and without waiving any of its objections, MAR agrees to produce documents concerning transfers, if any, of funds executed by MAR from any alleged BONY Account in U.S. dollars on behalf of Qatar Charity by which U.S. dollars were deposited in an account maintained at a financial institution located in the Palestinian Territories.

**DOCUMENT REQUEST NO. 2:** All documents concerning any agreements between You and Qatar Charity concerning any services You provide to or for the benefit of Qatar Charity during the Relevant Time Period, including copies of all account agreements, including modifications to same, and account opening documents for the accounts identified in Your response to Interrogatory No. 2 irrespective of the date of creation of the account agreements and account opening documents.

**RESPONSE TO DOCUMENT REQUEST NO. 2:** MAR incorporates by reference its General Objections as if set forth herein. Plaintiffs are not entitled to agreements between MAR and Qatar Charity other than those agreements, if any, executed or otherwise operative between January 1, 2011 and December 31, 2015 and that pertain to transactions in U.S. dollars because there is no relation to jurisdictional allegations. MAR is willing to meet and confer to narrow or clarify this request.

**DOCUMENT REQUEST NO. 3:** All documents concerning any communications between You and Qatar Charity during the Relevant Time Period concerning U.S. Dollar-Denominated Transactions or U.S. Correspondent Accounts, including copies of instructions or advices or

confirmations concerning specific U.S. Dollar-Denominated Transactions, and communications concerning Your methods or procedures for carrying out U.S. Dollar-Denominated Transactions, Your ability to carry out U.S. Dollar-Denominated Transactions, or Your use of U.S. Correspondent Accounts.

**RESPONSE TO DOCUMENT REQUEST NO. 3:** MAR incorporates by reference its General Objections as if set forth herein. The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.

Subject to and without waiving any of its objections, MAR agrees to produce documents concerning agreements between MAR and Qatar Charity, if any, executed or otherwise operative between January 1, 2011 and December 31, 2015 and that pertain to transactions in U.S. dollars passing through Bank of New York Mellon.

**DOCUMENT REQUEST NO. 4:** Copies of all account agreements, including modifications to same, and account opening documents for each of the U.S. Correspondent Accounts identified in Your response to Interrogatory No. 1 and any such account at Bank of New York Mellon, irrespective of the date of creation of such documents.

**RESPONSE TO DOCUMENT REQUEST NO. 4:** MAR incorporates by reference its General Objections as if set forth herein. The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.

Subject to and without waiving any of its objections, MAR agrees to produce documents concerning account agreements and account opening documents between MAR and Bank of New York Mellon operative during the time period of January 1, 2011 and December 31, 2015 that pertain to branches of Bank of New York Mellon in New York.

**DOCUMENT REQUEST NO. 5:** All documents concerning any communications with Qatar

6

Charity concerning any of the account activity reflected in the documents responsive to Document Request 1 above, including Qatar Charity's instructions to You concerning those transactions, and Your advices or confirmations provided to Qatar Charity concerning those transactions, and the periodic account statements You provided to Qatar Charity that reflected those transactions.

**RESPONSE TO DOCUMENT REQUEST NO. 5:** MAR incorporates by reference its General Objections as if set forth herein. The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.

Subject to and without waiving any of its objections, MAR agrees to produce documents concerning MAR's advices or confirmation, if any, concerning transfers, if any, of funds executed by MAR from any alleged BONY Account in U.S. dollars on behalf of Qatar Charity by which U.S. dollars were deposited in an account maintained at a financial institution located in the Palestinian Territories.

**DOCUMENT REQUEST NO. 6:** All documents concerning transfers from Qatar Charity's account at Your branch in Doha to a Qatar Charity bank account in Ramallah that involved at any level a U.S. Correspondent Account, including the transfers alleged at ¶ 130 of the Complaint filed in this action on October 13, 2021, including Qatar Charity's instructions to You concerning those transfers, and Your advices or confirmations provided to Qatar Charity concerning those transfers, and the periodic account statements You provided to Qatar Charity that reflect those transfers.

**RESPONSE TO DOCUMENT REQUEST NO. 6:** MAR incorporates by reference its General Objections as if set forth herein. The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.

Subject to and without waiving any of its objections, MAR agrees to produce documents concerning transfers, if any, of funds executed by MAR from any alleged BONY Account in U.S.

dollars on behalf of Qatar Charity by which U.S. dollars were deposited in an account maintained at a financial institution located in the Palestinian Territories.

**DOCUMENT REQUEST NO. 7:** All documents concerning Qatar Charity's purchase of anonymous debit cards also known as Sanabel cards from the Bank of Palestine.

**RESPONSE TO DOCUMENT REQUEST NO. 7:** MAR incorporates by reference its General Objections as if set forth herein.  The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.  The Request seeks documents wholly untethered to the Complaint's jurisdictional allegations.  MAR therefore objects on the grounds that Plaintiffs' "Sanabel card" allegations have nothing to do with MAR's alleged contacts with New York, and because the cards were allegedly purchased from a third-party bank, they have nothing to do with MAR itself.

Accordingly, MAR shall not produce any documents in response to the Request.

**DOCUMENT REQUEST NO. 8:** All documents concerning any public statements, advertisements, or promotional materials made or disseminated by You or on Your behalf concerning: (a) U.S. Correspondent Accounts maintained by You; (b) Your ability to effectuate U.S. Dollar Denominated transactions on behalf of customers; or (c) Your ability to convert other currencies into U.S. Dollars.

**RESPONSE TO DOCUMENT REQUEST NO. 8:** MAR incorporates by reference its General Objections as if set forth herein.  The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.  MAR objects on the grounds that the Complaint does not rely on any allegation that MAR marketed its correspondent banking services.  The Complaint contains no allegations of public statements or promotional materials advertising MAR's correspondent banking services.  Plaintiffs cannot now unduly bolster the Complaint's allegations by seeking such documents in jurisdictional discovery.  The Request seeks documents wholly untethered to

8

4894-1137-1099

the Complaint's jurisdictional allegations.

      Accordingly, MAR shall not produce any documents in response to the Request.

**DOCUMENT REQUEST NO. 9:**  Your document retention/destruction policy applicable to all of the records sought in these document requests.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**  MAR incorporates by reference its General Objections as if set forth herein.  The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.  The Request seeks documents wholly untethered to the Complaint's jurisdictional allegations.  MAR further objects on the grounds that the Request seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege.

      Accordingly, MAR shall not produce any documents in response to the Request.

**DOCUMENT REQUEST NO. 10:**  Any litigation holds or other documents prepared by or for You that instructed Your employees to maintain any documents relevant to the matters at issue in this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**  MAR incorporates by reference its General Objections as if set forth herein.  The Request is not "reasonably tailored to" the "jurisdictional issue" as defined in the Order.  The Request seeks documents wholly untethered to the Complaint's jurisdictional allegations.  MAR further objects on the grounds that the Request seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege.

      Accordingly, MAR shall not produce any documents in response to the Request.

4894-1137-1099

| | |
|---|---|
| Dated: May 15, 2023<br>       New York, New York | PILLSBURY WINTHROP SHAW PITTMAN LLP<br><br>By: */s/ Carolina A. Fornos*<br>     Carolina A. Fornos<br>     Pillsbury Winthrop Shaw Pittman LLP<br>     31 West 52nd Street<br>     New York, NY 10019-6131<br>     Tel.:  (212) 858-1000<br>     Fax:   (212) 858-1500<br><br>     Aryeh L. Kaplan (*pro hac vice*)<br>     Pillsbury Winthrop Shaw Pittman LLP<br>     600 Brickell Avenue, Suite 3100<br>     Miami, FL 33131<br>     Tel.:  (786) 913-4900<br>     Fax:   (786) 913-4901<br>     *Counsel for Defendant Masraf Al Rayan* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, on this 15th day of May, 2023, a true and correct copy of the foregoing was served by e-mail on the following:

James P. Bonner
Patrick L. Rocco
Susan M. Davies
Thomas M. Caroccia
FLEISCHMAN BONNER & ROCCO LLP
81 Main Street, Suite 515
White Plains, New York 10601

*Counsel for Plaintiffs*

                                                    */s/ Carolina A. Fornos*
                                                     Carolina A. Fornos