UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE CHANA HENKIN, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>QATAR CHARITY, QATAR NATIONAL BANK and MASRAF AL RAYAN,<br><br>        Defendants. | No.  1:21-CV-5716-AMD-VMS |

**DEFENDANT QATAR CHARITY'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Qatar Charity ("Qatar Charity"), by and through its undersigned counsel, hereby serves its responses and objections ("Responses") to the plaintiffs' First Set of Interrogatories ("Interrogatories") and states as follows:

**PRELIMINARY STATEMENT**

Qatar Charity provides the following Responses pursuant to facts and information presently known to it.  These Responses are provided without prejudice to Qatar Charity's right to produce subsequently discovered information.  As investigation and document review are ongoing, Qatar Charity anticipates that it may discover additional facts, witnesses, and evidence not set forth in these Responses that may be responsive to one or more of the Interrogatories. Qatar Charity reserves the right to (a) amend or supplement its Responses as investigation and discovery progress and as Qatar Charity obtains information regarding additional facts, witnesses, and evidence; (b) conduct additional discovery regarding facts, witnesses, and

evidence that are not mentioned in these Responses; and (c) produce additional evidence at trial or in connection with any pretrial proceedings.

Qatar Charity's objections to the Interrogatories are made without in any way waiving or intending to waive, but rather expressly preserving and intending to preserve Qatar Charity's right to raise all questions as to competence, relevancy, materiality, privilege, and admissibility as evidence for any purpose of these Responses or the subject matter thereof, in any aspect of this or any litigation, action, proceeding, or investigation.

## GENERAL OBJECTIONS

We set forth here certain general overarching objections and set forth below objections to specific Interrogatories. Counsel for Qatar Charity is prepared to discuss the objections presented here with counsel for Plaintiffs for the purpose of resolving any disputes that may arise without the need for judicial intervention.

As a general matter, in addition to being unduly burdensome and overbroad, the Interrogatories quite clearly go far beyond the "limited jurisdictional discovery" authorized by Judge Donnelly in her March 31, 2023, order [ECF 81] (the "Order"). The Order could not be clearer as to the "limited" nature (Order at 26) of the jurisdictional discovery it authorizes. As the Court made explicit, "[d]iscovery will be limited to document requests and interrogatories that could show the frequency with which Masraf al Rayan used of [*sic*] the Bank of New York Mellon account, and whether that use was deliberate, during the time period relevant to the terrorist attacks, and that the plaintiffs' claims arose from Masraf al Rayan contacts with New York." Thus, under the plain directive of Judge Donnelly, any appropriate Interrogatory must be limited to (in addition to other limitations discussed below) inquiries focused on (a) Masraf al Rayan's use of the Bank of New York Mellon account (and no other putative account), (b) in

New York (and nowhere else), (c) during the "time period relevant to the terrorist attacks" (discussed further below). (Order at 29). In addition to this general limitation as to the scope of the limited discovery being authorized, as to Qatar Charity specifically the Court expressly ordered that "discovery will be limited to document requests and interrogatories sufficient to show whether Masraf al Rayan was acting as Qatar Charity's agent." (Order at 29). For the avoidance of doubt, Judge Donnelly then emphasized that "Discovery must be reasonably tailored to this jurisdictional issue." (Order at 29). As the Complaint makes explicit, and as the Order also recognized, the Plaintiffs' theory is that Masraf al Rayan utilized the Bank of New York Mellon account in New York to transfer U.S. Dollars to the Palestinian Territories. (*See, e.g.,* Complaint ¶ 130; Order at 14). Thus, any appropriate interrogatory to Qatar Charity would, per the plain terms of the Order, be limited to inquiries relating to whether Masraf al Rayan was acting as Qatar Charity's agent in using the Bank of New York Mellon account in New York to transfer U.S. Dollars to the Palestinian Territories during the "time period relevant to the terrorist attacks." The Interrogatories go far afield from these limitations, are not authorized by the Order, and are, indeed, contrary to its explicit terms. Thus, Qatar Charity objects.

As to the "time period relevant to the terrorist attacks," you have defined as the "Relevant Time Period" January 1, 2011, through September 16, 2018 (the date of the last attack alleged in the Complaint). The first attack alleged in the Complaint, the Henkin murders, took place in October 2015. Thus, you are seeking information dating back roughly four-and-a-half years before the first attack. Seeking discovery into facts that predate the attack by four-and-a-half years is disproportionate and objectionable. Furthermore, at this stage of limited jurisdictional discovery that must be focused exclusively on whether Qatar Charity used Masraf al Rayan as its agent in the transfers through the Bank of New York Mellon in New York, the end of the

3

relevant time period must be coextensive with the end of Masraf al Rayan's alleged conduct in that respect. The Complaint alleges that Masraf al Rayan's conduct in that regard occurred between 2011 and 2015. (*See* Complaint ¶ 104). Thus, at this stage of limited jurisdictional discovery, the relevant time period ends in 2015.

In addition, Qatar Charity generally objects to the Definitions, Instructions, and Interrogatories to the extent they seek to impose any obligation beyond that which is required by the Federal Rules of Civil Procedure and the Order. Qatar Charity further objects to the Interrogatories to the extent they assume untrue facts.

Qatar Charity specifically objects to the Definitions of "You" and "Your" to the extent they include Nectar Trust or otherwise seek information that is not in Qatar Charity's possession, custody, or control.

## **RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

**Interrogatory No. 1**

Identify all accounts maintained for You, in Your name, or for Your benefit at any time during the Relevant Time Period by Defendant Masraf al Rayan. For each such account state the name and address of the bank or branch at which the account was maintained, the type of account, all but the last 4 digits of the account number, and the dates during which the account was maintained.

**Response to Interrogatory No. 1**

Qatar Charity objects on the grounds that the Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "all accounts" maintained by Qatar Charity with Masraf al Rayan. As set forth above, the Court granted Plaintiffs only limited jurisdictional discovery as to Qatar Charity, which must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon in the context of transfers to the Palestinian Territories and "whether Masraf al Rayan was acting as Qatar Charity's agent."

4

Subject to and without waiving any of its objections, Qatar Charity plans to produce information identifying its accounts, if any, held with Masraf al Rayan which utilized correspondent accounts at the Bank of New York Mellon to transfer U.S. dollars to the Palestinian Territories.

**Interrogatory No. 2**

Identify all bank accounts maintained by You, or for Your benefit, at any time during the Relevant Time Period at a bank or branch located in the Palestinian Territories, including any accounts maintained at the Bank of Palestine in Ramallah or the Islamic Bank in Ramallah.  For each such account state the name and address of the bank branch, the type of account, all but the last 4 digits of the account number, and the dates during which the account was maintained.

**Response to Interrogatory No. 2**

Qatar Charity objects on the grounds that the Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "all bank accounts" maintained by Qatar Charity "at a bank or branch located in the Palestinian Territories."  The Court granted Plaintiffs only limited jurisdictional discovery as to Qatar Charity, which must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent."  Plaintiffs' Interrogatory No. 2 is irrelevant to the existence of any agency relationship between Qatar Charity and Masraf al Rayan.

| | |
|---|---|
| Dated: May 15, 2022<br>　　　　New York, New York | **DLA PIPER LLP (US)**<br><br>By:　*/s/ John M. Hillebrecht*<br>　　　John M. Hillebrecht<br>　　　Kevin Walsh<br>　　　Jessica Masella<br><br>1251 Avenue of the Americas<br>New York, New York 10020<br>Phone: (212) 335-4500<br>Email: John.Hillebrecht@us.dlapiper.com<br>　　　　Kevin.Walsh@us.dlapiper.com<br>　　　　Jessica.Masella@us.dlapiper.com<br><br>*Counsel for Defendant Qatar Charity* |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE CHANA HENKIN, *et al.*,<br><br>                   Plaintiffs,<br><br>                v.<br><br>QATAR CHARITY, QATAR NATIONAL BANK and MASRAF AL RAYAN,<br><br>                  Defendants. | No. 1:21-CV-5716-AMD-VMS |

**DEFENDANT QATAR CHARITY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Qatar Charity ("Qatar Charity"), by and through its undersigned counsel, hereby serves these responses and objections ("Responses") to the Plaintiffs' First Request for the Production of Documents (the "Requests") and states as follows:

**PRELIMINARY STATEMENT**

Discovery and investigation of this matter are ongoing and may result in the location of additional information and/or documents that are responsive to, or otherwise affect, Qatar Charity's Responses. These Responses are made upon information and documents presently known and available. Qatar Charity reserves the right, without obliging itself to do so, to (a) conduct further discovery and investigation for information and documents which, if presently known, would have been included in these Responses; (b) amend or supplement these Responses in the event such other materials or information are discovered or in the event any information, document, or objection is unintentionally omitted; (c) object to further discovery involving or

relating to the subject matter of the Requests or these Responses; and (d) move for the entry of a protective order with respect to the Requests.

Qatar Charity's objections to the Requests are made without in any way waiving or intending to waive, but rather expressly preserving and intending to preserve, Qatar Charity's right to raise all questions as to competence, relevancy, materiality, privilege, and admissibility as evidence for any purpose of these responses or the subject matter thereof, in any respect of this or any litigation, action, proceeding, or investigation.

## GENERAL OBJECTIONS

We set forth here general overarching objections and set forth below specific objections to specific Requests. Counsel for Qatar Charity is prepared to discuss the objections presented here with counsel for Plaintiffs for the purpose of resolving any disputes that may arise without the need for judicial intervention.

As a general matter, in addition to being unduly burdensome and overbroad, the Requests quite clearly go far beyond the "limited jurisdictional discovery" authorized by Judge Donnelly in her March 31, 2023, order [ECF 81] (the "Order"). That Order could not be clearer as to the "limited" nature (Order at 26) of the jurisdictional discovery it authorizes. As the Court made explicit, "[d]iscovery will be limited to document requests and interrogatories that could show the frequency with which Masraf al Rayan used of [*sic*] the Bank of New York Mellon account, and whether that use was deliberate, during the time period relevant to the terrorist attacks, and that the plaintiffs' claims arose from Masraf al Rayan contacts with New York." Thus, under the plain directive of Judge Donnelly, any appropriate Request must be limited to (in addition to other limitations discussed below) inquiries focused on (a) Masraf al Rayan's use of the Bank of New York Mellon account (and no other putative account) (b) in New York (and nowhere else)

2

(c) during the "time period relevant to the terrorist attacks" (discussed further below).  (Order at 29).  In addition to this general limitation as to the scope of the limited discovery being authorized, as to Qatar Charity specifically, the Court expressly ordered that "discovery will be limited to document requests and interrogatories sufficient to show whether Masraf al Rayan was acting as Qatar Charity's agent." (Order at 29).  For the avoidance of doubt, Judge Donnelly then emphasized that "Discovery must be reasonably tailored to this jurisdictional issue."  (Order at 29).  As the Complaint makes explicit, and as the Order also recognized, the Plaintiffs' theory is that Masraf al Rayan utilized the Bank of New York Mellon account in New York to transfer U.S. Dollars to the Palestinian Territories.  (*See, e.g.,* Complaint ¶ 130; Order at 14).  Thus, any appropriate request to Qatar Charity would, per the plain terms of the Order, be limited to requests relating to whether Masraf al Rayan was acting as Qatar Charity's agent in using the Bank of New York Mellon account in New York to transfer U.S. Dollars to the Palestinian Territories during the "time period relevant to the terrorist attacks."  The Requests go far afield from these limitations, are not authorized by the Order, and are, indeed, contrary to its explicit terms.  Thus, Qatar Charity objects.

     As to the "time period relevant to the terrorist attacks," you have defined as the "Relevant Time Period" January 1, 2011, through September 16, 2018 (the date of the last attack alleged in the Complaint).  The first attack alleged in the Complaint, the Henkin murders, took place in October 2015.  Thus, you are seeking information dating back roughly four-and-a-half years before the first attack.  Seeking discovery into facts that predate the attack by four-and-a-half years is disproportionate and objectionable.  Furthermore, at this stage of limited jurisdictional discovery that must be focused exclusively on whether Qatar Charity used Masraf al Rayan as its agent in the transfers through the Bank of New York Mellon in New York, the end of the

3

relevant time period must be coextensive with the end of Masraf al Rayan's alleged conduct in that respect.  The Complaint alleges that Masraf al Rayan's conduct in that regard occurred between 2011 and 2015.  (*See* Complaint ¶ 104).  Thus, at this stage of limited jurisdictional discovery, the relevant time period ends in 2015.

In addition, Qatar Charity generally objects to the Definitions, Instructions, and Interrogatories to the extent they seek to impose any obligation beyond that which is required by the Federal Rules of Civil Procedure and the Order.  Qatar Charity further objects to the Interrogatories to the extent they assume untrue facts.

Qatar Charity specifically objects to the Definitions of "You" and "Your" to the extent they include Nectar Trust or otherwise seek information that is not in Qatar Charity's possession, custody, or control.

**RESPONSES TO SPECIFIC REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**Request for Production No. 1**

All documents concerning any agreements between You and Masraf al Rayan concerning any services provided to You or for Your benefit by Masraf al Ryan [*sic*] during the Relevant Time Period, including copies of all account agreements, including modifications to same, and account opening documents for the accounts identified in Your response to Interrogatory No. 1 irrespective of the date of creation of the account agreements, modifications and account opening documents.

**Response to Request for Production No. 1**

Qatar Charity objects on the ground that the Request is overbroad and exceeds the scope of the limited jurisdictional discovery ordered by the Court.  The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks."  This request for "all documents concerning any agreements" and "any services provided" is not

4

within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order.

Subject to and without waiving any of its objections, Qatar Charity responds as follows:

Qatar Charity will produce non-privileged documents sufficient to demonstrate the relationship between Masraf al Rayan and Qatar Charity to the extent any accounts held by Qatar Charity at Masraf al Rayan utilized correspondent accounts at the Bank of New York Mellon to transfer U.S. dollars to the Palestinian Territories, if any are located in Qatar Charity's possession, custody, or control after a diligent search and reasonable inquiry.

**Request for Production No. 2**

Documents sufficient to show all U.S. Dollar-Denominated Transactions effectuated for You, in Your name, or for Your benefit by Masraf al Rayan during the Relevant Time Period, including for each such transaction the date, currency, amount, and identity and geographic location of the accounts of any counterparties (including where the counterparty is an account maintained by You, in Your name, or for Your benefit).

**Response to Request for Production No. 2**

Qatar Charity objects on the ground that the Request is overbroad and exceeds the scope of the limited jurisdictional discovery ordered by the Court. The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks." This request for documents demonstrating "all U.S. Dollar-Denominated transactions" effected by Masraf al Rayan "for [Qatar Charity], in [Qatar Charity's] name, or for [Qatar Charity's] benefit" during the Relevant Time Period is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order.

Subject to and without waiving any of its objections, Qatar Charity responds as follows:

5

Qatar Charity will produce non-privileged documents, if any, sufficient to show U.S. Dollar-Denominated Transactions effectuated for Qatar Charity by Masraf al Rayan using the Bank of New York Mellon account in New York to transfer U.S. Dollars to the Palestinian Territories during the "time period relevant to the terrorist attacks" alleged in the Complaint, if any are located in Qatar Charity's possession, custody, or control after a diligent search and reasonable inquiry.

**Request for Production No. 3**

All documents concerning all communications between You and Masraf al Rayan during the Relevant Time Period concerning U.S. Dollar-Denominated Transactions or U.S. Correspondent Accounts, including copies of instructions or advices or confirmations concerning specific U.S. Dollar-Denominated Transactions, period account statements reflecting specific U.S. Dollar-Denominated Transactions, and communications concerning Masraf al Rayan's methods or procedures for carrying out U.S. Dollar-Denominated Transactions, Masraf al Rayan's ability to carry out U.S. Dollar-Denominated Transactions, or Masraf al Rayan's use of U.S. Correspondent Accounts.

**Response to Request for Production No. 3**

Qatar Charity objects on the ground that the Request is overbroad and exceeds the scope of the limited jurisdictional discovery ordered by the Court.  The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks."  This request for "all documents" demonstrating "all communications" between Qatar Charity and Masraf al Rayan during the Relevant Time Period is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order.

Subject to and without waiving any of its objections, Qatar Charity responds as follows:

Qatar Charity will produce non-privileged documents, if any, reflecting communications between Qatar Charity and Masraf al Rayan relating to Masraf al Rayan using, or its ability to use, the Bank of New York Mellon account in New York to transfer U.S. Dollars to the Palestinian Territories during the "time period relevant to the terrorist attacks" alleged in the Complaint, if any are located in Qatar Charity's possession, custody, or control after a diligent search and reasonable inquiry.

**Request for Production No. 4**

All documents concerning the closure of Your Ramallah operations in or about 2015 and the related criminal convictions of Your employees, and the indictment, guilty plea, conviction and sentence of Fadi Manasra referenced in the Court's March 31, 2023 Decision and Order [ECF 81] at 4.

**Response to Request for Production No. 4**

Qatar Charity objects on the ground that the Request is overbroad, irrelevant, and exceeds the scope of the limited jurisdictional discovery ordered by the Court. The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks." This request for "all documents" regarding "the closure of [Qatar Charity's] Ramallah operations in or about 2015 and the related criminal convictions" is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order. Indeed, the request seeks documents that are wholly irrelevant to the existence of any agency relationship between Qatar Charity and Masraf al Rayan and is far outside the scope of the limited discovery authorized by the Order.

**Request for Production No. 5**

All documents concerning any U.S. Correspondent Account, the Bank of New York Mellon, or Masraf al Rayan's effectuation of U.S. Dollar-Denominated Transactions on behalf of its customers, including You.

7

**Response to Request for Production No. 5**

Qatar Charity objects on the ground that the Request is vague, overbroad, and exceeds the scope of the limited jurisdictional discovery ordered by the Court. The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks." This request for "all documents concerning any U.S. Correspondent Account, the Bank of New York Mellon, or Masraf al Rayan's effectuation of U.S. Dollar-Denominated Transactions on behalf of its customers" is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order.

Subject to and without waiving any of its objections, Qatar Charity responds as follows:

Qatar Charity will produce non-privileged documents, if any, regarding U.S. Dollar-Denominated Transactions effectuated for Qatar Charity by Masraf al Rayan using the Bank of New York Mellon account in New York to transfer U.S. Dollars to the Palestinian Territories during the "time period relevant to the terrorist attacks" alleged in the Complaint, if any are located in Qatar Charity's possession, custody, or control after a diligent search and reasonable inquiry.

**Request for Production No. 6**

All documents concerning how banks located outside the United States effectuate U.S. Dollar-Denominated Transactions.

**Response to Request for Production No. 6**

Qatar Charity objects on the ground that the Request is vague, overbroad, and exceeds the scope of the limited jurisdictional discovery ordered by the Court. The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks." This

8

generalized request seeking a primer on how "banks" conduct transactions is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order.

**Request for Production No. 7**

Documents sufficient to show: (a) all transfers during the Relevant Time Period made from any of the accounts identified in Your response to Interrogatory No. 2 to any organization, individual, or "zakat" committee (including as described in paragraphs 93-97 of the Complaint filed in this action on October 13, 2021) affiliated with Hamas, the Union of Good, Hebron Islamic Charity Society, or Elehssan Society; (b) all payments made to the Bank of Palestine to purchase anonymous debit cards also known as Sanabel cards; and (c) all cash withdrawals from any of the accounts identified in Your response to Interrogatory No. 2.

**Response to Request for Production No. 7**

Qatar Charity objects on the ground that the Request is overbroad, irrelevant, and exceeds the scope of the limited jurisdictional discovery ordered by the Court. The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks." This request is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order. The Complaint alleges that Qatar Charity transferred funds from its own accounts in Doha to its own accounts in the Palestinian Territories, with Masraf al Rayan effectuating those transfers through Bank of New York Mellon in New York. (*See* Complaint ¶ 10). As the Order makes plain, at this stage of limited jurisdictional discovery – as to Qatar Charity, "limited to … whether Masraf al Rayan was acting as Qatar Charity's agent" (Order at 29) – what Qatar Charity did with any such putative funds once in the Palestinian Territories is outside the scope of the limited discovery that the Court has authorized. These requests seek documents which, if they exist, are irrelevant to the jurisdictional issue framed by the Order.

9

**Request for Production No. 8**

All documents concerning transfers from Your account at Masraf al Rayan in Doha to any of your accounts in Ramallah, including the transfers alleged at paragraph 130 of the Complaint filed in this action on October 13, 2021, including Your instructions to Masraf al Rayan concerning those transactions, Masraf al Rayan's advices or confirmations to You concerning those transactions, and the period account statements that reflect those transactions.

**Response to Request for Production No. 8**

Qatar Charity objects on the ground that the Request exceeds the scope of the limited jurisdictional discovery ordered by the Court. The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks." This request for "all documents" regarding "transfers from Your account at Masraf al Rayan in Doha to any of Your accounts in Ramallah," apparently at any time whatever, is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order.

Subject to and without waiving any of its objections, Qatar Charity responds as follows:

Qatar Charity will produce non-privileged documents, if any, regarding U.S. Dollar-Denominated Transactions effectuated for Qatar Charity by Masraf al Rayan using the Bank of New York Mellon account in New York to transfer U.S. Dollars to the Palestinian Territories during the "time period relevant to the terrorist attacks" alleged in the Complaint, including communications with Masraf al Rayan regarded those transactions, if any are located in Qatar Charity's possession, custody, or control after a diligent search and reasonable inquiry.

**Request for Production No. 9**

Your document retention/destruction policy applicable to all of the records sought in these document requests.

**Response to Request for Production No. 9**

10

Qatar Charity objects on the ground that the Request is vague and exceeds the scope of the limited jurisdictional discovery ordered by the Court. The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks." Plaintiffs have set forth no basis on which such documents could be relevant to the jurisdictional issue. This request is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order. In addition, Qatar Charity has objected to a number of the "records sought in these document requests" such that any applicable policies, if they exist, are irrelevant to the jurisdictional issue.

**Request for Production No. 10**

Any litigation holds or other documents prepared by or for You that instructed Your employees to maintain any documents relevant to the matters at issue in this litigation.

**Response to Request for Production No. 10**

Qatar Charity objects on the ground that the Request is vague and exceeds the scope of the limited jurisdictional discovery ordered by the Court. The ordered discovery must be "reasonably tailored to th[e] jurisdictional issue" of the correspondent banking relationship between Masraf al Rayan and the Bank of New York Mellon and "whether Masraf al Rayan was acting as Qatar Charity's agent" during the "time period relevant to the terrorist attacks." Plaintiffs have set forward no basis concerning how such documents are relevant to the jurisdictional issue. This request is not within the scope of the limited discovery authorized by the Order and is certainly not "reasonably tailored" to the "jurisdictional issue" as defined in that Order. Plaintiffs' use of the undefined phrase "litigation holds" is subject to multiple interpretations. Qatar Charity further objects to this request to the extent that it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege.

|  |  |
|---|---|
| Dated: May 15, 2022<br>New York, New York | **DLA PIPER LLP (US)**<br><br>By:  */s/ John M. Hillebrecht*<br>       John M. Hillebrecht<br>       Kevin Walsh<br>       Jessica Masella<br><br>1251 Avenue of the Americas<br>New York, New York 10020<br>Phone: (212) 335-4500<br>Email: John.Hillebrecht@us.dlapiper.com<br>           Kevin.Walsh@us.dlapiper.com<br>           Jessica.Masella@us.dlapiper.com<br><br>*Counsel for Defendant Qatar Charity* |