June 13, 2023

**BY ECF**
Hon. Ann M. Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Henkin, et al. v. Qatar Charity, et al.*
            Case no. 21-cv-5716(AMD)(vms)

Dear Judge Donnelly,

    Proposed Intervenor Plaintiffs respectfully submit this letter as directed in this Court's scheduling order of June 7, 2023 to address the two issues identified by the Court: 1) the impact that dismissal of a party for lack of personal jurisdiction has on a motion to intervene that seeks to re-add that party in the intervenor complaint; and 2) whether or not nieces and nephews of the victims have standing to bring their claims, and if not, the impact that lack of standing has on a motion to intervene.

    The first issue concerns the claims against Defendant Qatar National Bank ("QNB"). Plaintiffs asserted that the Court had personal jurisdiction over that defendant via co-conspirator jurisdiction. In its March 31, 2023 order (Dkt. 81) this Court followed the lead of another district judge in *Przewozman v. Qatar Charity,* No. 20-CV-6088 (NGG) (TAM), 2023 U.S. Dist. LEXIS 45499 (E.D.N.Y. Mar. 16, 2023), which held there is no co-conspirator jurisdiction under New York's long-arm statute or under Fed. R. Civ. P. 4(k)(2), and dismissed the complaint as against QNB without prejudice. Meanwhile, another district judge has recently held that Rule 4(k)(2) <u>does</u> support co-conspirator jurisdiction. *Sotloff v. Qatar Charity,* No. 22-CV-80726, 2023 U.S. Dist. LEXIS 93911 (S.D. Fla. May 30, 2023). The issue has never been addressed directly by the Second Circuit or the New York State Court of Appeals. And the *Sotloff* court points out that another district court case that had followed *Przewzman*, *Schrier v. Qatar Islamic Bank,* No. 20-60075-CIV-ALTMAN/Hunt, 2022 U.S. Dist. LEXIS 179253 (S.D. Fla. Sep. 30, 2022), with which the *Sotloff* court disagreed, is presently on appeal to the Eleventh Circuit. *Sotloff*, 2023 U.S. Dist. LEXIS 93911, at *42. Thus, while the co-conspirator issue has been decided by this Court and is law of the case, the issue is not settled, and may even be ultimately reversed on appeal from the final judgment in this case.

Proposed Intervenor Plaintiffs are not asking to reinvent the wheel. They understand that the issue has been decided by this Court, and that upon being permitted to intervene the Court, applying the law of the case, will likely dismiss their claims against QNB without prejudice just as the Court dismissed the claims of the other plaintiffs against QNB without prejudice. Proposed Intervenor Plaintiffs simply wish to be placed in the same position as the other plaintiffs—being regarded as having commenced their claim against QNB and having had it dismissed, subject to ultimate appeal after final judgment. Absent being permitted to intervene, the Proposed Intervenor Plaintiffs would have to commence their own action against QNB, wait an extended time for service to be effected, and let QNB move to dismiss, which would get the parties to the same place in a much more roundabout manner.

Proposed Intervenor Plaintiffs turn now to the second issue, the standing of nieces and nephews. Defendants' letter (Dkt. 97) cites *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.,* 495 F. Supp. 3d 144, 152 (E.D.N.Y. 2020) which it represents limits ATA solatium claims to "relatives in 'direct lineal relationships' with the injured US national." (Dkt. 97, quoting *Estate of Henkin*). But it is not so clear. The cited passage of *Henkin* is actually quoting *Knox v. Palestine Liberation Org.,* 442 F. Supp. 2d 62 (S.D.N.Y. 2006), where the court wrote "to this end [permitting plaintiffs to pursue claims for solatium damages under the ATA], '[s]pouses and relative[s] in direct lineal relationships are presumed to suffer damages for mental anguish.'" *Knox,* 442 F. Supp. 2d at 78 (quoting *Smith ex rel. Smith v. Islamic Emirate of Afghanistan,* 262 F. Supp. 2d 217, 234 (S.D.N.Y. 2003). The *Smith* case cited by *Knox* discusses the Flatow Amendment, which amended the Foreign Sovereign Immunity Act to allow claims against foreign state sponsors of terrorism. *Smith* quotes from a decision in *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1 (D.D.C. 1998), the first case brought under the Flatow Amendment, about what relatives can sue for solatium under the FSIA.

> Solatium…began as a remedy for the loss of a spouse or a parent. It has since expanded to include the loss of a child, including in some states the loss of an emancipated or adult child. Where the claim is based upon the loss of a sibling, the claimant must prove a close emotional relationship with the decedent.

*Smith,* 262 F. Supp. 2d at 234, quoting *Flatow*, 999 F. Supp at 29-30 (citations and footnote omitted by *Smith* court). *Smith* quoted further from *Flatow* that "Spouses and relatives in direct lineal relationships are presumed to suffer damages for mental anguish." *Id.,* quoting *Flatow*, 999 F. Supp at 30. Thus, tracing the language in *Henkin* relied upon by Defendants back to its source, one sees that the holding was that spouses and relatives in direct lineal relationships are *presumed* to suffer damages for mental anguish. But saying that those relatives are presumed to suffer such damages does not mean that only those relatives can recover. Just as *Flatow* held that solatium damages began as a remedy for loss of a spouse or a parent, expanded to include the loss of a child,

and even includes siblings, it can also include other relatives, such as nieces and nephews, or a grandmother as in *Smith*, though perhaps those other relatives do not enjoy the presumption of mental anguish mentioned in *Flatow*.

      It is not necessary to decide the issue of whether nieces and nephews can recover under the ATA at this time. That can be addressed down the road, just as it would be if the Proposed Intervenor Plaintiffs had filed a new action rather than proposing to intervene in this one. At this time the Proposed Intervenor Plaintiffs should be permitted to intervene.

                                           Respectfully yours,

                                           Robert J. Tolchin

cc: All counsel of record by ECF