# FLEISCHMAN BONNER & ROCCO LLP
### ATTORNEYS AT LAW

81 Main Street • Suite 515 • White Plains • New York • 10601
Tel: 908-516-2066 • Fax: 908-516-2049 • Web: WWW.FBRLLP.COM

Email: procco@fbrllp.com

---

June 26, 2023

<u>Via ECF</u>

The Honorable Vera M. Scanlon
United States Magistrate Judge
U.S. District Court, Eastern District of New York
Brooklyn, New York  11201

**Re:   *Henkin, et al. v. Qatar Charity, et al.*, 21-cv-05716-AMD-VMS**

Dear Judge Scanlon:

On behalf of the Plaintiffs in the above-captioned action, I respectfully submit the enclosed Second Circuit decision in *Spetner v. Palestine Investment Bank*, No. 20-3849, 2023 WL 4035924 (June 16, 2023) in further support of Plaintiffs' opposition to Defendants' pending motions for protective orders.  *See* ECF 96 in opposition to ECF 91 and 93.

In *Spetner*, the Second Circuit reversed Judge Komitee's dismissal of Anti-Terrorism Act claims for lack of personal jurisdiction in circumstances where a New York correspondent account was used by the defendant's agent to transfer funds to organizations that served as proxies for terrorist groups in the Palestinian Territories.  The factual allegations that the Second Circuit highlighted in concluding that the *Spetner* plaintiffs sufficiently alleged an agency relationship between the defendant PIB and the bank that maintained the correspondent accounts in New York (AJIB) confirm that Your Honor must reject QC's and MAR's efforts to restrict discovery to: (1) only the QC accounts at MAR from which funds were transferred to the Palestinian Territories (*see* QC objection to Interrogatory 1 to QC; MAR objection to Interrogatory 2 to MAR); and (2) only the New York correspondent accounts MAR used to transmit funds to the Palestinian Territories for the benefit of QC and its customers.  *See* ECF 93 at 3 and ECF 93-2 at 1 (Defendants' joint proposed compromise re Interrogatory 1 to MAR).

The New York transactions alleged to have given rise to the *Spetner* plaintiffs' claims involved payments by the government of Iraq and the Holy Land Foundation that were routed from accounts at third-party banks through AJIB's New York correspondent accounts to accounts at PIB branches in the Palestinian Territories.  *See* Slip Op. at 7, 2023 WL 4035924, at *2. However, in analyzing whether an agency relationship had been alleged between PIB and AJIB, the Second Circuit did not focus exclusively on the mechanics of those particular transactions. Rather, the court considered the entire relationship and course of dealing between PIB and AJIB, including PIB's admission that when one of its customers sought to transfer funds to a bank in the U.S. "PIB instructed AJIB to make [such] transfers." *Id*. at 13, 2023 WL 4035924, at *4.  In those situations, "AJIB was required to follow PIB's instructions as to the amount of funds to transfer and the beneficiary of those funds…. AJIB did not ignore or reject those instructions." *Id*., 2023 WL 4035924, at *4.  In addition, the court inferred that on at least one occasion PIB must have directed the Holy Land Foundation to use one of AJIB's New York correspondent accounts to transfer funds to the Palestinian Territories.  *Id*. at 14, 2023 WL 4035924, at *5.  Hence, the



Second Circuit concluded that PIB exercised sufficient control over AJIB to demonstrate that theirs was an agency relationship for purposes of CPLR 302.  *Id*. at 12-16, 2023 WL 4035924, at *4-5.

In order to evaluate the entirety of QC's relationship with MAR, Plaintiffs are entitled to the discovery they seek concerning all of the accounts QC maintained at MAR, including the account opening documents and account agreements for those accounts.  Similarly, Plaintiffs are entitled to discover the full extent to which MAR chose to project itself into New York by maintaining correspondent accounts here, even if those accounts were not used to transfer funds to the Palestinian Territories during the relevant period.

To date, Defendants have not yet produced any documents in response to Plaintiffs' discovery requests served on April 13, 2023, as they await the Court's ruling on their pending motions for protective order.  The 120-day period for conducting jurisdictional discovery specified in the March 31, 2023 order will expire on July 31, 2023.  *See* ECF 81 at 29.

Respectfully submitted,

/s/ Patrick L. Rocco

Enclosure