

June 27, 2023

**BY ECF**

The Honorable Vera M. Scanlon
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *Henkin, et al. v. Qatar Charity, et al.*, 1:21-cv-05716-AMD-VMS

Dear Magistrate Judge Scanlon:

We write on behalf of Defendants Masraf Al Rayan ("MAR") and Qatar Charity ("QC" and together with MAR, "Defendants") in the above-referenced action in response to Plaintiffs' letter dated June 26, 2023 (ECF No. 101) that improperly supplements Plaintiffs' opposition to Defendants' pending motions for protective orders (the "Motions").[1]

As a preliminary manner, Plaintiffs have mischaracterized the status of jurisdictional discovery in this case. Plaintiffs assert in their letter that "Defendants have not yet produced any documents in response to Plaintiffs' discovery requests" and that Defendants are refusing to produce anything while "they await the Court's ruling on their pending motions" (*Id.* at 2). Both assertions are incorrect and contradicted by the correspondence between counsel. MAR informed Plaintiffs that it was ready and willing to serve responses to Plaintiffs' interrogatories on **June 15, 2023**; however, to date, the parties have not yet agreed on a confidentiality order because Plaintiffs have rejected Defendants' proposed order. As of today, however, the parties have resolved the issue and Defendants intend to respond to Plaintiffs' interrogatories as soon as the confidentiality order is executed.

As to the stated basis for Plaintiffs' letter, Plaintiffs argue that *Spetner v. Palestine Investment Bank*, No. 20-3849, 2023 WL 4035924 (2d Cir. June 16, 2023) provides "further support" for Plaintiffs' opposition to Defendants' pending motions, (*id.* at 1), but *Spetner* is wholly inapposite.

First, *Spetner* did not involve a dispute as to the scope of discovery and thus has no relevance here. Rather, the Second Circuit answered "a single question: whether the district court ha[d] personal jurisdiction over the" defendant. *Spetner*, 2023 WL 4035924, at *2. By contrast, as Defendants have alleged, Plaintiffs have served discovery beyond the scope of Judge Donnelly's March 31 order authorizing jurisdictional discovery. Reducing the Motions to the question of whether

---

[1] Plaintiffs' Notice of Supplemental Authority in the above-referenced action contains several paragraphs of argument; in comparison, the Notice of Supplemental Authority filed by the same counsel in an action against the same defendants was, appropriately, only two sentences. *See Force v. Qatar Charity, et. al.*, 20-cv-02578-BMC, ECF No. 89 (E.D.N.Y. June 23, 2023).

The Honorable Vera M. Scanlon
June 27, 2023
Page 2 of 2

Plaintiffs' discovery requests are relevant to questions of personal jurisdiction ignores the fact that Plaintiffs are only entitled to jurisdictional discovery that has been duly authorized by Judge Donnelly.

Second, Plaintiffs seem to indicate that the Second Circuit's reliance on particularized allegations in the *Spetner* complaint entitle them to expansive discovery of Defendants to seek evidence of particularized allegations the complaint here does not, and cannot, make.  For example, the *Spetner* plaintiffs, as Plaintiffs observe, had cause to allege that the defendant "instructed [the agent]" to make specific transfers.  *Id*. at *4; (*see also* ECF No. 101 at 1).  The *Spetner* agency theory was so strong that defendant "conceded at oral argument that plaintiffs plausibly allege that it had knowledge of [the alleged agent's] activities;" that kind of concession is not at issue here.  *Spetner*, 2023 WL 4035924, at *4.  The *Spetner* plaintiffs did not seek or obtain jurisdictional discovery, *see Spetner v. Palestine Investment Bank*, 495 F. Supp. 3d 96, 117 (E.D.N.Y. 2020), and the sufficiency of their pleading does not justify expanding Plaintiffs' discovery requests beyond the scope of Judge Donnelly's order here.

    Respectfully submitted,

    */s/ Carolina A. Fornos*
    Carolina A. Fornos
    Aryeh L. Kaplan (*pro hac vice*)

    *Counsel for Defendant Masraf Al Rayan*

    */s/ John M. Hillebrecht*
    John M. Hillebrecht
    Kevin Walsh
    Jessica A. Masella
    Michael G. Lewis

    *Counsel for Defendant Qatar Charity*

cc:    All counsel of record (by ECF)