UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ANNE CHANA HENKIN, individually and as
personal representative of the ESTATE OF
JUDAH HERZEL HENKIN; ADERET RIVKAH
HENKIN STERN; ELIASHIR ELIJAH HENKIN;
JACOB BECHOR-SHALOM HENKIN, JOSEPH
GIL HENKIN; TAAMA FREIDA HENKIN
YAAKOVSON; MIRIAM FULD, individually, as
personal representative of the ESTATE OF ARI
YOEL FULD, and as the natural guardian of
N.S.F., a minor; NAOMI FULD; TAMAR GILA
FULD; ELIEZAR YAKIR FULD; HARVEY
JONAS YONAH FULD; MARY ALICE FULD;       **ORDER**
DANIEL YAAKOV FULD; EYTAN FULD; and
HILLEL CHAIM SHLOMO FULD,       21 Civ. 5716 (AMD) (VMS)

            Plaintiffs,

    -against-

QATAR CHARITY; QATAR NATIONAL
BANK; and MASRAF AL RAYAN,

           Defendants,

    -and-

MOSHE FULD; MICHAL FULD; ELI FULD; and
BEN ZION FULD,

           Intervenor Plaintiffs.
------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiffs Anne Chana Henkin, individually and as personal representative of the Estate

of Judah Herzel Henkin; Aderet Rivkah Henkin Stern; Eliashir Elijah Henkin; Jacob Bechor-

Shalom Henkin, Joseph Gil Henkin; Taama Freida Henkin Yaakovson; Miriam Fuld,

individually, as personal representative of the Estate of Ari Yoel Fuld, and as the natural

guardian of N.S.F., a minor; Naomi Fuld; Tamar Gila Fuld; Eliezar Yakir Fuld; Harvey Jonas

1

Yonah Fuld; Mary Alice Fuld; Daniel Yaakov Fuld; Eytan Fuld; and Hillel Chaim Shlomo Fuld ("Plaintiffs")[1] commenced this action against Defendants Qatar Charity ("QC"), Qatar National Bank ("QNB") and Masraf Al Rayan ("MAR").  See generally ECF No. 1.  Plaintiffs asserted claims for (1) aiding and abetting foreign terrorist organizations, in violation of 18 U.S.C. § 2333(d), against QC, QNB and MAR; (2) conspiracy to violate 18 U.S.C. § 2333(d) against QC, QNB and MAR; (3) providing material support to terrorists, in violation of 18 U.S.C. §§ 2333(a), 2339A, against QC, QNB and MAR; and (4) providing material support to foreign terrorist organizations, in violation of 18 U.S.C. §§ 2333(a), 2339B(a)(1), against QC, QNB and MAR.  See id. at 67-76.

The District Court granted, without prejudice, QNB's motion to dismiss for lack of personal jurisdiction and denied jurisdictional discovery as to QNB.  See ECF No. 81 at 24-25, 29.  The District Court denied, without prejudice, the motions to dismiss for lack of personal jurisdiction filed by QC and MAR ("Defendants") and granted jurisdictional discovery as to Defendants.  See id. at 17, 20, 22, 29.  The District Court referred to the undersigned management of jurisdictional discovery, and it set the scope of such discovery as follows:

> Discovery will be limited to document requests and interrogatories that could show the frequency with which Masraf al Rayan used of the Bank of New York Mellon account, and whether that use was deliberate, during the time period relevant to the terrorist attacks, and that the plaintiffs' claims arose from Masraf al Rayan contacts with New York.  For Qatar Charity, discovery will be limited to document requests and interrogatories sufficient to show whether Masraf al Rayan was acting as Qatar Charity's agent.  Discovery must be reasonably tailored to this jurisdictional issue.

Id. at 29.  The undersigned then held a conference regarding this discovery.  See 5/16/2023 Dkt.

---

[1] Moshe Fuld, Michal Fuld, Eli Fuld, and Ben Zion Fuld subsequently filed an intervenor complaint, asserting the same causes of action against QC, QNB, and MAR as those asserted in Plaintiffs' complaint.  See generally ECF No. 100.

2

Entry.

I.      **MAR'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

MAR moves for entry of a protective "modifying RFP Nos. 1-6 and Interrogatory Nos. 1-4 to encompass only documents and information concerning QC transfers, if any, executed by MAR on behalf of QC through MAR's BONY Account sending U.S. dollars to the Palestinian Territories, or, in the alternative, to encompass only documents and information concerning QC transfers sending U.S. dollars via a New York correspondent bank account to the Palestinian Territories between October 1, 2012 and September 16, 2018." ECF No. 91 at 4.[2, 3]  MAR also

---

[2] MAR stated that it is "amenable" to the latter, less restrictive limitations it proposed.  See id. The Court then considers MAR's position to be the latter.

[3] MAR's proposal of its own discovery request and its concomitant expectation either that the Court adopt the proposed discovery request, without consideration of its interaction with the discovery requests propounded by Plaintiff, or that the Court decipher how the proposed discovery request intersects with Plaintiffs' discovery requests are improper.  Under the Federal Rules of Civil Procedure, MAR should have articulated arguments specifically pertaining to each discovery request as to which it seeks relief.  MAR raised specific arguments only as to requests for production 4, 8, 9, and 10.  See ECF No. 91 at 2-3.

Aside from the procedural error, MAR's indiscriminate approach has left it in a position of asking that the Court modify, and not quash, certain discovery requests propounded by Plaintiffs in accordance with MAR's proposed discovery request, where such request is inapplicable to Plaintiffs' discovery requests such that the Court cannot ascertain a cognizable argument supporting the modification sought.  See, e.g., ECF No. 96-3 at 3 (interrogatory 1 requesting the identification of "any N.Y. Correspondent Account You maintained at any time during the Relevant Time Period," whereas MAR's proposed discovery request does not address the identification of accounts); id. (interrogatory 2 requesting the identification of "any accounts maintained by You for Qatar Charity, in Qatar Charity's name, or for Qatar Charity's benefit at any time during the Relevant Time Period," whereas MAR's proposed discovery request does not address the identification of accounts); id. at 9-10 (request for production 2 seeking "[a]ll documents concerning any agreements between You and Qatar Charity concerning any services You provide to or for the benefit of Qatar Charity during the Relevant Time Period . . . and account opening documents for the accounts identified in Your response to Interrogatory No. 2 irrespective of the date of creation of the account agreements and account opening documents," whereas MAR's proposed discovery request does not address agreements and account opening documents).

3

moves for entry of a protective order "quashing Plaintiffs' RFP Nos. 8 through 10." ECF No. 91 at 4. Plaintiffs oppose MAR's motion. See generally ECF No. 96.[4] Plaintiffs also filed a supplemental submission in further support of their opposition to apprise the Court of an intervening decision from the Second Circuit in Spetner v. Palestine Invest. Bank, 70 F.4th 632 (2d Cir. 2023). See generally ECF No. 101.[5] MAR responded to Plaintiffs' supplemental submission. See generally ECF No. 102.

The Court has reviewed the District Court's Order, see generally ECF No. 81, and the parties' submissions, as well as Spetner, and determines that permitting or denying/modifying Plaintiffs' discovery as follows is consistent with the District Court's decision, Spetner and relevant authority. As to the time limitations, the Court has considered the longest statute of limitations period and adjusted the requests to account for these periods.

MAR's request to modify interrogatories 1, 3 and 4 and requests for production 1 and 5 is denied.

MAR's request to modify interrogatory 2 is granted in part and denied in part; the interrogatory is limited to accounts in New York. MAR's request to modify request for production 2 is granted in part and denied in part; as to documents concerning agreements between MAR and QC, the request is limited to documents concerning agreements contemplating the provision of services in New York, and, as to account opening documents, the

---

[4] With their opposition, Plaintiffs filed redlined versions of their requests for production and interrogatories to MAR, see ECF Nos. 96-3, which the Court now considers to be the operative requests for production and interrogatories. Any of MAR's objections to the prior versions of Plaintiffs' requests for production and interrogatories that were mooted by the revisions are not addressed by the Court herein.

[5] Spetner bolsters the propriety of the jurisdictional discovery sought by Plaintiffs, to the extent it is sought in accordance with the District Court's instructions, as discussed, infra.

request is limited to the operative versions of such documents beginning on October 1, 2012, up to and including September 16, 2018. MAR's request to modify request for production 3 is granted in part and denied in part; the "documents concerning any communications . . . concerning U.S. Dollar-Denominated Transactions" and the "communications concerning Your methods or procedures for carrying out U.S. Dollar-Denominated Transactions . . . and Your ability to carry out U.S. Dollar-Denominated Transactions," ECF No. 96-3 at 10, are limited to such transactions, methods and procedures, and abilities, respectively, in New York. The entirety of request for production 3 is limited to the time period beginning on October 1, 2012, up to and including September 16, 2018. MAR's request to modify request for production 4 is granted in part and denied in part; the request is limited to the operative versions of the account agreements and account opening documents beginning on October 1, 2012, up to and including September 16, 2018. MAR's request to modify request for production 6 is granted in part and denied in part; the request is limited to the time period beginning on October 1, 2012, up to and including September 16, 2018. MAR's request to modify request for production 8 is granted in part and denied in part; the "documents concerning . . . Your ability to effectuate U.S. Dollar Denominated transactions on behalf of customers [and] . . . Your ability to convert other currencies into U.S. Dollars," ECF No. 96-3 at 11, are limited to documents about such abilities in relation to New York from October 1, 2012, up to and including September 16, 2018.

Requests for production 9 and 10 were withdrawn without prejudice. See ECF No. 96 at 2.

## II.    QC'S MOTION FOR ENTRY OF A PROTECTIVE ORDER

QC moves for entry of an order closing jurisdictional discovery, as "BNY Mellon has now indicated that the account on which Plaintiffs explicitly and repeatedly relied . . . does not

exist." ECF No. 93 at 2. Alternatively, QC objects to requests for production 1, 4, and 6-10 and interrogatory 2 "in their entirety" and asks "that the remaining requests be limited consistent with [its] . . . proposal" for MAR to "identify all New York correspondent bank accounts . . . utilized for pertinent transactions from October 1, 2012 through September 16, 2018" and "provide responsive documents and information concerning all transfers of funds executed by MAR, if any, through a New York correspondent account on behalf of Qatar Charity into an account maintained in the Palestinian Territories in U.S. dollars between from October 1, 2012, through September 16, 2018, and any communications between MAR and Qatar Charity related to these transactions"; these responses would "provide the basis for Qatar Charity's responses to Plaintiffs' discovery requests to the Charity, as applicable." Id. at 3-4.[6] Plaintiffs oppose QC's motion. See generally ECF No. 96.[7] Plaintiffs also filed a supplemental submission in further support of their opposition to apprise the Court of an intervening decision from the Second Circuit in Spetner v. Palestine Invest. Bank, 70 F.4th 632 (2d Cir. 2023). See generally ECF No. 101.[8] QC responded to Plaintiffs' supplemental submission. See generally ECF No. 102.

QC's request to close jurisdictional discovery because MAR did not have an account at Bank of New York Mellon during the relevant time period, as contemplated by Plaintiffs, see ECF No. 93 at 1-3, is denied. The District Court generally confined the scope of jurisdictional discovery, as opposed to the scope of jurisdictional discovery specific to QC,

> to document requests and interrogatories that could show the frequency with
> which Masraf al Rayan used of the Bank of New York Mellon account, and

---

[6] See supra, n.3. The same, as to the procedural error, applies to QC. QC raised specific arguments only as to requests for production 1 and 6 and now-withdrawn interrogatory 2. See ECF No. 93 at 4.

[7] See supra, n.4. The same applies to QC. See generally ECF No. 96-4.

[8] See supra, n. 5. The same applies to QC.

> whether that use was deliberate, during the time period relevant to the terrorist attacks, <u>and that the plaintiffs' claims arose from Masraf al Rayan contacts with New York</u>.

ECF No. 81 at 29 (emphasis added). Contrary to QC's contention, jurisdictional discovery is not limited to a correspondent account at the Bank of New York Mellon, in view of the final clause of the District Court's instructions, citation to which and discussion of which QC omits despite the Court's attention to this provision during the mid-May conference held prior to the submission of the motions considered in this Order. In this decision, the Court has again considered the District Court's Order, <u>Spetner</u>, the submissions and relevant authority.

QC's request to quash request for production 6 wholesale is granted.

QC's request to modify interrogatory 1 is granted in part and denied in part; the interrogatory is limited to accounts in New York. QC's request to quash request for production 1 wholesale is denied; instead, as to documents concerning agreements between MAR and QC, the request is limited to documents concerning agreements contemplating the provision of services in New York, and, as to account opening documents, the request is limited to the operative versions of such documents beginning on October 1, 2012, up to and including September 16, 2018. QC's request to modify request for production 2 is granted in part and denied in part; the request is limited to "U.S. Dollar-Denominated Transactions," ECF No. 96-4 at 9, in New York. QC's request to modify request for production 3 is granted in part and denied in part; the "documents concerning all communications . . . concerning U.S. Dollar-Denominated Transactions," ECF No. 96-4 at 9, are limited to such transactions in New York. QC's request to modify request for production 5 is granted in part and denied in part; the "U.S. Dollar-Denominated Transactions," <u>id.</u> at 10, are limited to such transactions in New York, the "customers," <u>id.</u>, are limited to QC, and the time period is limited to October 1, 2012, up to and

including September 16, 2018.  QC's request to quash request for production 8 wholesale is denied; instead, the "U.S. Dollar-Denominated Transactions," id., are limited to such transactions in New York beginning on October 1, 2012, up to and including September 16, 2018.

Interrogatory 2 was withdrawn.  See ECF Nos. 96 at 2, 96-4 at 3.  Requests for production 4 and 7 were withdrawn.  See ECF Nos. 96 at 2, 96-4 at 9.  Requests for production 9 and 10 were withdrawn without prejudice.  See ECF No. 96 at 2.

### III. CONCLUSION

MAR and QC are to serve discovery responses in accordance with this Order on or before July 20, 2023.  As discussed during the mid-May conference, the parties are expected to move discovery ahead expeditiously.

Dated: Brooklyn, New York
   July 8, 2023

                 *Vera M. Scanlon*
                 VERA M. SCANLON
                 United States Magistrate Judge