# FLEISCHMAN BONNER & ROCCO LLP
## ATTORNEYS AT LAW

81 Main Street • Suite 515 • White Plains • New York • 10601
Tel: 908-516-2066 • Fax: 908-516-2049 • Web: WWW.FBRLLP.COM

Email: procco@fbrllp.com

July 12, 2023

**Via ECF**

The Honorable Vera M. Scanlon
United States Magistrate Judge
U.S. District Court, Eastern District of New York
Brooklyn, New York  11201

**Re:**  *Henkin, et al. v. Qatar Charity, et al.*, **21-cv-05716-AMD-VMS**

Dear Judge Scanlon:

I write pursuant to Federal Rule of Civil Procedure 60(a) to respectfully request correction of an apparent error in the Court's July 8, 2023 decision and order on the motions of Defendants Qatar Charity ("QC") and Masraf Al Rayan ("MAR") for protective orders (the "Order").  The Order appears to have inadvertently denied Plaintiffs certain relevant discovery.  In addition, Plaintiffs seek clarification of two ambiguities in the Order.

**Plaintiffs' Interrogatory 1 to QC and Interrogatory 2 to MAR**

Plaintiffs' Interrogatory 1 to QC and Interrogatory 2 to MAR seek to identify the bank accounts that MAR maintained for QC during the Relevant Time Period (which the Court has determined to be October 1, 2012 through September 16, 2018).  The documents governing those accounts, which are sought by Plaintiffs' Document Request 1 to QC and Document Request 2 to MAR, are relevant "'to show whether Masraf al Rayan was acting as Qatar Charity's agent'" when it executed transactions for QC through its N.Y. Correspondent Accounts.  *See* ECF 106 at 2 (quoting ECF 81 at 29).  By limiting QC Interrogatory 1 and MAR Interrogatory 2 to "accounts *in New York*" (ECF 106 at 4, 7 (emphasis added)), the Order effectively quashes these two Interrogatories and the two related document requests.

MAR did not maintain any accounts for QC "in New York" because MAR had no branch in New York, or anywhere else in the U.S.  *See* Complaint [ECF 1] at ¶ 156.  That is why MAR used correspondent accounts in New York.  *See id*.  *See also, e.g., Sidwell & Co. v. Kamchatimpex*, 632 N.Y.S.2d 455, 457 (Sup. Ct. N.Y. County 1995) (explaining that New York correspondent accounts are maintained by "foreign financial institution[s] … that [are] unable to operate a branch or subsidiary office in the United States, [in order to] effect US dollar transactions for [themselves] and [their] customers.").  Thus, while the Court's New York limitation on discovery concerning transfers using correspondent accounts is consistent with Plaintiffs' allegations, imposing a New York limitation on discovery concerning QC's accounts maintained by MAR is inconsistent with Plaintiffs' allegations, and would deny Plaintiffs all discovery concerning the nature of the relationship between QC and MAR.

Moreover, Defendants did not seek to limit QC Interrogatory 1 and MAR Interrogatory 2, and the related document requests, to accounts maintained by MAR for QC "in New York."  *See, e.g.,* ECF 96-1 at p.5 ("Qatar Charity plans to produce information identifying its accounts, if any,

held with Masraf al Rayan which utilized correspondent accounts at the Bank of New York Mellon to transfer U.S. dollars to the Palestinian Territories."); ECF 96-1 at p.5 ("MAR is endeavoring to identify the accounts it maintained for Qatar Charity by which funds were transferred to the Palestinian Territories using a BONY Account…").

Consistent with Defendants' objections and Plaintiffs' allegations, Plaintiffs respectfully request that the Order be modified to require responses to the following interrogatories:

**QC Interrogatory 1:** Identify all accounts maintained for You, in Your name, or for Your benefit ~~at any time during the Relevant Time Period~~ by Defendant Masraf al Rayan from which, during the Relevant Time Period, U.S. Dollar-Denominated Transfers [as defined by Plaintiffs in the operative Document Requests to QC] were made to the Palestinian Territories using a N.Y. Correspondent Account [as defined by Plaintiffs in the operative Document Requests to QC].

**MAR Interrogatory 2:** Identify any accounts maintained by You for Qatar Charity, in Qatar Charity's name, or for Qatar Charity's benefit ~~at any time during the Relevant Time Period.~~ from which, during the Relevant Time Period, U.S. Dollar-Denominated Transfers were made to the Palestinian Territories using a N.Y. Correspondent Account.

**Plaintiffs' Document Request 1 to QC and Document Request 2 to MAR**

Plaintiffs respectfully submit that, with the above limitation on QC Interrogatory 1 and MAR Interrogatory 2, the Court ***need not limit*** Document Request 1 to QC and Document Request 2 to MAR to "documents concerning agreements contemplating the provision of services in New York." ECF 106 at 4 and 7. The latter limitation could be used by Defendants to withhold agreements simply because they do not expressly address the provision of services by MAR in New York. If a QC account was in fact used to originate U.S. Dollar-Denominated Transfers to the Palestinian Territories using one of MAR's N.Y. Correspondent Accounts—and is, therefore, discoverable under QC Interrogatory 1 and MAR Interrogatory 2—then such transfers were presumptively authorized by, even if not expressly addressed in, the agreement between QC and MAR governing that account. The Order should make clear that in response to Document Request 1 to QC and Document Request 2 to MAR, Defendants are required to produce documents concerning the account agreements operative during the Relevant Time Period for all accounts identified in response to QC Interrogatory 1 and MAR Interrogatory 2.

**Plaintiffs' Document Requests 2, 3, 5 and 8 to QC**

Plaintiffs' Document Requests 2, 3, 5 and 8 to QC all seek information concerning international transactions involving U.S. Dollars. The Court apparently intends to limit discovery to such transactions made to the Palestinian Territories via New York. However, the limitation imposed by the Order is to "such transactions *in* New York," which could be construed as transactions taking place entirely within the State of New York. *See* ECF 106 at 7, 8 (emphasis added). Accordingly, Plaintiffs respectfully request clarification that the Order's limitation on Document Requests 2, 3, 5 and 8 to QC is to "such transactions involving a N.Y. Correspondent Account" rather than "such transactions in New York."

Respectfully submitted,

/s/ Patrick L. Rocco