**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| ANNE CHANA HENKIN, *et al.*, |
| Plaintiffs, |
| v. |
| QATAR CHARITY, *et al.*, |
| Defendants. |

Case No. 1:21-cv-05716-AMD-VMS

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, pursuant to this Court's order (ECF No. 81) in the above-captioned action (the "Action"), Plaintiffs may serve limited requests for jurisdictional discovery (the "Jurisdictional Discovery Requests") on Masraf Al Rayan ("MAR") and Qatar Charity ("Qatar Charity") (together with the Plaintiffs and MAR, the "Parties" and individually a "Party");

**WHEREAS,** Plaintiffs served Jurisdictional Discovery Requests on MAR and Qatar Charity on April 13, 2023;

**WHEREAS,** information that has been and may in future be sought in discovery in the above-captioned action may constitute, refer to, or otherwise incorporate commercially sensitive, confidential and/or proprietary business and technical information, or be protected from disclosure by laws and/or regulations, that has been or will be produced by the Parties or other persons producing documents and information in response to discovery (each a "Producing Party");

**WHEREAS,** the Parties have agreed, subject to approval of this Court, to the terms of this stipulated protective order (the "Protective Order").

**NOW, THEREFORE,** the Parties hereby agree, subject to Court approval, as follows:

1.      As used herein, "Confidential Material" means information, documents, testimony, and discovery responses which the Designating Party (hereinafter defined) reasonably deems in good faith to constitute confidential client, financial, research, development, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly

available documents, materials, or devices.  It shall be the duty of the Producing Party who seeks to invoke protection under this Protective Order (the "Designating Party") to give notice, in the manner set forth hereinafter, of the information, documents, testimony and discovery responses to be covered hereby.  The duty of any other Party or person to maintain the confidentiality thereof under this Protective Order commences with such notice.

2.      All Confidential Material produced or disclosed by the Producing Parties in discovery, whether by volition or pursuant to discovery demand or court order, shall be restricted to the persons identified below.  Each of those persons is prohibited from disseminating or utilizing for their commercial or financial gain in any fashion, manner or method the Confidential Material, or any summaries or abstracts thereof, outside the context of the Action.  Each of those persons is expressly prohibited from disseminating or using in any fashion, manner or method the Confidential Material, or any summaries or abstracts thereof, in any lawsuit, arbitration, claim, or proceeding other than the Action in any domestic or international forum.  Each of those persons may use such Confidential Material solely within the context of and for the purpose of the Action, including at depositions and at trial per the terms of this Protective Order.  Confidential Material that is designated and labeled as "CONFIDENTIAL" shall be disclosed by the recipient thereof only to:

    a.   The Parties and their current and former officers, directors, and employees;

    b.   The Parties' counsel (specifically, the law firms Fleischman Bonner & Rocco LLP, Heideman Nudelman & Kalik, P.C., Perles Law Firm PC, Pillsbury Winthrop Shaw Pittman LLP, and DLA Piper LLP) (US)), the members and associates of such counsels' law firms, such counsels' office personnel assisting in the conduct of the Action;

    c.   Any experts or consultants retained by the Parties, and only while acting in accordance with such retention, and to the extent necessary for the conduct of the Action;

    d.   Any vendors retained by the Parties' counsel;

e.   Authors of and persons who were in prior possession of, or previously received, other than as a result of any action in violation of this Protective Order the Confidential Materials and their respective counsel; or

f.   Other approved persons with the prior written consent of counsel for the Designating Party, which consent shall be within the Designating Party's reasonable discretion.  However, in no event will the Designating Party be required to consent to the disclosure of this Confidential Material.

The Parties agree that any designation of a document "CONFIDENTIAL" constitutes a representation to the Court that such Designating Party and counsel in good faith believe that Confidential Material qualifies as "private" or "confidential research, development or commercial information" entitled to protection under the Federal Rules of Civil Procedure.

3.   Each individual in Categories 2(c), (d) and (f) above receiving Confidential Material (including digests, summaries, extracts or notes containing Confidential Material) shall be shown a copy of this Protective Order before receiving any Confidential Material and shall agree in writing, in the form annexed hereto as Exhibit A, to be bound by the terms of this Protective Order. Counsel for the party receiving Confidential Material shall retain the signed copies of Exhibit A, and make them available to the Designating Party's counsel upon request.  If a recipient of Confidential Material refuses to sign Exhibit A, he or she shall not be provided access to such Confidential Material.

4.   Restrictions and obligations set forth herein relating to all Confidential Material shall not apply to any information that (a) was or becomes public knowledge other than as a result of disclosure by the Party receiving the material or other breach of the terms and conditions of this Protective Order, or (b) has come or shall come into the receiving Party's lawful possession independently of the Designating Party. The restrictions and obligations in this Protective Order shall not be deemed to prohibit disclosure to or discussions with any person of any Confidential Material that was already in the lawful possession of that person independent of fact discovery in this Action.

5.     Confidential Material produced by any Party which is subject to this Protective Order shall be clearly marked as "CONFIDENTIAL."  In the event that a computer disk or other computer-readable medium containing Confidential Material is produced, the Designating Party shall label the disk or other computer readable medium as "CONFIDENTIAL" when the documents contained on such media are in an electronic format that precludes so labeling the documents directly.  The Party receiving such material shall place the appropriate legend on each page of any printout of material derived from the disk or other computer-readable medium.

6.     No person who examines Confidential Material produced pursuant to and subject to this Protective Order shall disclose orally, in writing or by any other means, the Confidential Material or any information whatsoever derived from such Confidential Material to any person not also authorized to examine the Confidential Material under the terms of this Protective Order.

7.     The recipient of Confidential Material shall take reasonably sufficient steps to prevent the unauthorized access, use or disclosure of the Confidential Material.  Such Confidential Material shall be maintained with the same duty of care with which the recipient protects its own confidential client, financial, research, development, communications, or commercial information, which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

8.     The production of Confidential Material shall not constitute a waiver of any Party's rights to claim in the Action or otherwise that the Confidential Material is privileged, not relevant or is otherwise non-discoverable, nor shall receipt thereof constitute a waiver of any Party's right to contend that the Confidential Material is not privileged, discoverable or relevant.

9.     The inadvertent production of any Confidential Material, without designation as such, which the Designating Party contends is subject to this Protective Order shall not be deemed a waiver in whole or in part of the claim of protection hereunder, either as to the specific document or the information disclosed.  Promptly after the discovery of the inadvertent production, the Designating Party shall give notice to the recipient(s) that Confidential Material has been inadvertently produced or disclosed and request that such Confidential Material be designated

"CONFIDENTIAL". The recipient(s) thereof shall treat inadvertently disclosed documents or information as Confidential Material until such time as any dispute over whether the items should be deemed Confidential Material has been fully and finally resolved.

10.     This Protective Order shall not excuse a Designating Party from taking reasonable steps to identify, in advance of production, its documents and information which contain information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"). It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production. In the event Privileged Material is disclosed, the standards in Federal Rule of Evidence 502(a) and (b), and the procedures in Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.

11.     A Party may object to any designation, in whole or in part, of Confidential Material under this Protective Order at any time. If any Party objects to the designation of any documents or information as Confidential Material, that Party shall first state the objection in writing to the Designating Party. The Parties agree to confer in good faith by telephone or in person with the Designating Party within seven days of the objection to resolve any dispute respecting the terms or operation of this Protective Order, including the designation of Confidential Material pursuant hereto and/or limiting the portion of any such documents or information considered to be Confidential Material. If the Parties and the Designating Party are unable to resolve such dispute, either may then move the Court for an order resolving the dispute. The Designating Party shall bear the burden of justifying the designation. Until the Court rules on such dispute, the Confidential Material in question shall continue to be treated for all purposes as it has been designated by the Designating Party pursuant to this Protective Order.

12.     All Confidential Material (including extracts, summaries and digests thereof), copies of such materials, and all notes arising from the examination of such materials, shall either be (a) surrendered within 30 days of the conclusion of the Action to the Designating Party that provided

the Confidential Material, or (b) shredded or destroyed at the conclusion of the Action, provided that the recipient(s) provide(s) written confirmation to such Designating Party within 30 days of the conclusion of the Action of such destruction.

13.    All Confidential Material designated by any Party shall retain that designation and shall remain subject to this Protective Order until such time, if ever, as a court renders a decision, which becomes final, that such Confidential Material is not protected by the terms of this Protective Order.

14.    All transcripts of depositions or portions thereof, exhibits, responses to written discovery and other documents filed with a court which have previously thereto been designated as comprising or containing Confidential Material, or any pleading or memorandum purporting to reproduce or paraphrase Confidential Material, shall be filed under seal in accordance with, and challenges to such filing under seal or efforts to maintain confidentiality shall be pursuant to, the procedures set forth in the United States District Court for the Eastern District of New York's Steps for E-filing Sealed Documents in Civil Cases[1] as it relates to filing documents under seal (or other such rules as applicable). Prior to the filing of Confidential Material by a Party other than the Designating Party, the Party submitting such filing shall provide notice to the Designating Party of two days if practicable under the circumstances.  In this circumstance, the Party submitting such filing shall indicate in the motion for leave to file under seal that, pursuant to the terms of this Protective Order, the Designating Party has the right to file a response to the motion within seven days substantiating the need for filing under seal.

15.    For testimony given in depositions the Designating Party may either:  (i) identify on the record, before the close of the deposition, all Confidential testimony, by specifying all portions of the testimony that qualify as Confidential or (ii) designate the entirety of the testimony at the deposition as Confidential (before the deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt

---

[1] Available at https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf; *see also* Rule 2(B) of the Individual Practices and Rules of Judge Ann M. Donnelly.

of the final deposition transcript. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing Confidential Information may be separately bound by the court reporter, who must affix to the top of each page the legend Confidential as instructed by the Designating Party.

16.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated as Confidential Material pursuant to this Protective Order, that Party must (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Material may be affected.

17.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated as Confidential Material pursuant to this Protective Order before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

18.    The Court retains jurisdiction to enforce this Protective Order.  Any Designating Party may move the Court to enforce this Protective Order, or enforce any breach thereof, by a noticed motion and may seek whatever remedies are available at law or equity for breach or violation of this Protective Order as the Court may determine.  All remedies available to any Designating Party are cumulative, and the application for one does not preclude the later application for any other.

19.    This Protective Order is intended to regulate the handling of Confidential Material during the course of the Action. At the conclusion of the Action, the obligations and duties arising under this Protective Order shall remain in effect and shall survive and continue to be binding until further order of the Court.  This Court shall retain jurisdiction over the Parties and any other person

who accepts being bound by this Protective Order for the purpose of enforcing its terms.  By this Protective Order, the Parties do not waive any right to object to any discovery request, to object to the admission of evidence on any ground, to seek any further protective order, or to seek relief from the Court from any provision of this Protective Order.

20.     Nothing in this Protective Order waives MAR's or Qatar Charity's reservation of rights with respect to service by the Plaintiffs of the Jurisdictional Discovery Requests or otherwise precludes MAR or Qatar Charity from objecting to the production of any Confidential Material on the grounds that production pursuant to the terms of this Protective Order would subject MAR or Qatar Charity to civil or criminal liability in the jurisdiction where they are headquartered.

SO ORDERED:

_____
Vera M. Scanlon
United States Magistrate Judge

Dated:  Brooklyn, New York
         June ___, 2023

*      *      *

**AGREED UPON BY:**

Dated: June 28, 2023        **FLEISCHMAN BONNER & ROCCO LLP**

By: _____

James P. Bonner (jbonner@fbrllp.com)
*Counsel of Record for Plaintiffs*

Dated: June ___, 2023        **HEIDEMAN NUDELMAN & KALIK, P.C.**

By: _____

Noel J. Nudelman (njnudelman@hnklaw.com)
*Counsel of Record for Plaintiffs*

Dated: June ___, 2023        **PERLES LAW FIRM PC**

By: _____

Steven R. Perles
*Counsel for Plaintiffs*

Dated: June ___, 2023        **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____

Carolina A. Fornos
Aryeh L. Kaplan (*pro hac vice*)
*Counsel for Defendant Masraf Al Rayan*

Dated: June ___, 2023        **DLA PIPER LLP (US)**

By: _____

John M. Hillebrecht
Kevin Walsh
Jessica Masella
Michael G. Lewis
*Counsel for Defendant Qatar Charity*

**AGREED UPON BY:**

Dated: June 28, 2023          **FLEISCHMAN BONNER & ROCCO LLP**

By: _____
James P. Bonner (jbonner@fbrllp.com)
*Counsel of Record for Plaintiffs*

Dated: June 29, 2023          **HEIDEMAN NUDELMAN & KALIK, P.C.**

By: _____
Noel J. Nudelman (njnudelman@hnklaw.com)
*Counsel of Record for Plaintiffs*

Dated: June __, 2023          **PERLES LAW FIRM PC**

By: _____
Steven R. Perles
*Counsel for Plaintiffs*

Dated: June __, 2023          **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____
Carolina A. Fornos
Aryeh L. Kaplan (*pro hac vice*)
*Counsel for Defendant Masraf Al Rayan*

Dated: June __, 2023          **DLA PIPER LLP (US)**

By: _____
John M. Hillebrecht
Kevin Walsh
Jessica Masella
Michael G. Lewis
*Counsel for Defendant Qatar Charity*

**AGREED UPON BY:**

Dated: June 28, 2023                    **FLEISCHMAN BONNER & ROCCO LLP**

By: _____
James P. Bonner (jbonner@fbrllp.com)
*Counsel of Record for Plaintiffs*

Dated: June ___, 2023                   **HEIDEMAN NUDELMAN & KALIK, P.C.**

By: _____
Noel J. Nudelman (njnudelman@hnklaw.com)
*Counsel of Record for Plaintiffs*

Dated: June 30, 2023                    **PERLES LAW FIRM PC**

By: _____
Steven R. Perles
*Counsel for Plaintiffs*

Dated: June ___, 2023                   **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____
Carolina A. Fornos
Aryeh L. Kaplan (*pro hac vice*)
*Counsel for Defendant Masraf Al Rayan*

Dated: June ___, 2023                   **DLA PIPER LLP (US)**

By: _____
John M. Hillebrecht
Kevin Walsh
Jessica Masella
Michael G. Lewis
*Counsel for Defendant Qatar Charity*

**AGREED UPON BY:**

Dated: June __, 2023                 **FLEISCHMAN BONNER & ROCCO LLP**

By: _____
James P. Bonner (jbonner@fbrllp.com)
*Counsel of Record for Plaintiffs*


Dated: June __, 2023                 **HEIDEMAN NUDELMAN & KALIK, P.C.**

By: _____
Noel J. Nudelman (njnudelman@hnklaw.com)
*Counsel of Record for Plaintiffs*


Dated: June __, 2023                 **PERLES LAW FIRM PC**

By: _____
Steven R. Perles
*Counsel for Plaintiffs*


Dated: July 27, 2023                 **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____
Carolina A. Fornos
Aryeh L. Kaplan (*pro hac vice*)
*Counsel for Defendant Masraf Al Rayan*


Dated: June __, 2023                 **DLA PIPER LLP (US)**

By: _____
John M. Hillebrecht
Kevin Walsh
Jessica Masella
Michael G. Lewis
*Counsel for Defendant Qatar Charity*

**AGREED UPON BY:**

Dated: June ___, 2023          **FLEISCHMAN BONNER & ROCCO LLP**

By: _____
James P. Bonner (jbonner@fbrllp.com)
*Counsel of Record for Plaintiffs*

Dated: June ___, 2023          **HEIDEMAN NUDELMAN & KALIK, P.C.**

By: _____
Noel J. Nudelman (njnudelman@hnklaw.com)
*Counsel of Record for Plaintiffs*

Dated: June ___, 2023          **PERLES LAW FIRM PC**

By: _____
Steven R. Perles
*Counsel for Plaintiffs*

Dated: June ___, 2023          **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____
Carolina A. Fornos
Aryeh L. Kaplan (*pro hac vice*)
*Counsel for Defendant Masraf Al Rayan*

Dated: July 27, 2023          **DLA PIPER LLP (US)**

By: _____
John M. Hillebrecht
Kevin Walsh
Jessica Masella
Michael G. Lewis
*Counsel for Defendant Qatar Charity*

# **<u>EXHIBIT A</u>**

[Form Acknowledgement of the Protective Order]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ANNE CHANA HENKIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> QATAR CHARITY, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-05716-AMD-VMS |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

In accordance with the terms of that certain *Stipulated Protective Order* [ECF No. __] (the "Protective Order"),[1] filed in the above-captioned Action on June __, 2023, I hereby acknowledge (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order entered in the Action (as defined in the Protective Order), and (ii) that I have read the Protective Order, understand its terms, and agree to be fully bound by the same.  I further acknowledge that I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of New York, for purposes of enforcement of said Order. Upon the conclusion of the Action for which the Confidential Material has been provided and any appeals related thereto, or when I no longer have any reason to possess the Confidential Material, whichever shall first occur, I hereby agree promptly to return all information designated "CONFIDENTIAL" to the person who furnished the same to me or promptly certify to such person that the same has been destroyed.

Dated: _____        Signature: _____

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Protective Order.