# FLEISCHMAN BONNER & ROCCO LLP
## ATTORNEYS AT LAW

81 MAIN STREET • SUITE 515 • WHITE PLAINS • NEW YORK • 10601
TEL: 908-516-2066 • FAX: 908-516-2049 • WEB: WWW.FBRLLP.COM

EMAIL: JBONNER@fbrllp.com

March 22, 2024

<u>Via ECF</u>

The Honorable Vera M. Scanlon
United States Magistrate Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re:  ***Henkin, et al. v. Qatar Charity, Masraf al Rayan, et al.,*** **21-cv-05716-AMD-VMS**

Dear Judge Scanlon:

      This letter is submitted jointly by Plaintiffs and Defendants Qatar Charity and Masraf al Rayan pursuant to the Court's March 15, 2024 minute order directing the parties to submit, on or before March 22, 2024, a joint letter indicating: (1) whether there is any outstanding jurisdictional discovery, and (2) whether they have come to any agreement as to the discovery issues noted at ECF Nos. 112 and 113.  The parties present their respective positions below.

**Plaintiffs' Position**

      Plaintiffs' requests for (1) a further extension of the deadline for completion of jurisdictional discovery, and (2) leave to serve a narrowly-tailored document subpoena on Masraf al Rayan's correspondent bank in New York remain pending before the Court.  Defendants continue to vigorously oppose these requests.  As explained in ECF No. 113 and at oral argument on August 8, 2023, Plaintiffs seek limited third-party discovery to confirm Defendants' counsel's representations that Masraf al Rayan did not use its New York correspondent account to transfer Qatar Charity's funds to the Palestinian Territories during the relevant time period.  *See* ECF No. 113 at 1-3. Those representations are inconsistent with Qatar Charity's Ramallah accountant's criminal confession that, during 2015, Masraf al Rayan transferred Qatar Charity funds from Doha to Ramallah through a bank in New York.  *Id*. at 2.  If no Qatar Charity funds were transferred through New York during the relevant time period, as Defendants claim, it is unclear why Defendants are unwilling to acquiesce to this discovery.

      Contrary to Defendants' assertions below, Plaintiffs' request to subpoena HSBC Bank is not a "renew[ed]" request, but the same request that was fully briefed and argued by the parties in August of last year, and that remains pending before the Court.  Defendants claim that for seven months "Plaintiffs made no efforts whatsoever to attempt to pursue the discovery that they now claim is essential" is disingenuous.  The only additional discovery Plaintiffs seek is to subpoena Masraf al Rayan's correspondent bank, HSBC.  There is nothing Plaintiffs can do while that issue remains sub judice.  Plaintiffs should not be penalized for the intervening delay, which was not


attributable to them, and seek only a short extension of the discovery cutoff to obtain HSBC Bank's response to the subpoena.

Wherefore, Plaintiffs respectfully request that the Court: (1) grant Plaintiffs leave to serve on the HSBC Bank branch in New York where Masraf al Rayan maintained its correspondent account a subpoena requesting the production of the documents addressed at the August 8, 2023 argument, and (2) extend the deadline for the completion of jurisdictional discovery until May 24, 2024.

**Defendants' Position**

Party discovery is complete and discovery is closed. As further discussed below, Masraf al Rayan ("MAR") and Qatar Charity (together, "Defendants") have already provided discovery to Plaintiffs in compliance with this Court's orders. *See* Orders dated May 18, 2023 and July 27, 2023; ECF No. 106. Indeed, both MAR and Qatar Charity expended substantial time, effort, and monetary cost to conduct a thorough and diligent search for any documents or communications whatsoever that might evidence the types of transfers alleged by Plaintiffs. Ultimately, and as Defendants represented from the outset would be the case, that comprehensive and expensive search conclusively established that there were *no* U.S. dollar-denominated transfers made by MAR on Qatar Charity's behalf to the Palestinian Territories using a New York correspondent bank during the time period relevant to this action. Despite this, and despite the clear terms of Judge Donnelly's Order expressly delimiting the scope of authorized discovery, Plaintiffs nonetheless disregarded these clear limits by improperly serving an unauthorized subpoena to a non-party, Bank of New York Mellon, which similarly confirmed the absence of any transactions of the type alleged. Now, dissatisfied with the fact that all of their discovery efforts have confirmed what Defendants have stated from the inception, Plaintiffs want yet another bite of the apple by conducting still more more non-party discovery which was never authorized by Judge Donnelly.

To be clear, Judge Donnelly ordered jurisdictional discovery to be completed in 120 days, by July 31, 2023. ECF No. 81 at 29. On July 27, 2023, the Court extended that deadline until August 8, 2023. ECF No. 109; Order dated July 27, 2023. Party discovery was completed on August 6, 2023. Plaintiffs continued to demand more than what this Court had already ordered, however, and sought leave on August 7, 2023 to serve a non-party subpoena on HSBC—a demand that they now renew. *See* ECF No. 113.[1] Defendants argued that non-party discovery was beyond what was ordered by Judge Donnelly, as this Court has acknowledged. *See id.* at 3-5; *see also* Transcript of May 16, 2023 Conference 6:15-18, 11:6-7 (commenting that the non-party subpoena of correspondent bank "might be overreaching based on Judge Donnelly's decision…I don't think they should have sent out the subpoena [to a non-party]."). Defendants also argued that such a request after party discovery had already been completed was a "fishing expedition"

---

[1] In the alternative, Plaintiffs requested leave to seek discovery from "the files of the Israeli Ministry of Defense or the Israeli Military Courts." ECF No. 113 at 3. The Court stated that "Judge Donnelly was contemplating a time-limited process and anything that mentions the word Hague directly or indirectly or akin to that is never going to take a short amount of time." Transcript of August 8, 2023 Conference ("8/8/23 Tr.") 3:6-9.



that would "greatly expand[] the scope and duration of the 'limited jurisdictional discovery' authorized by Judge Donnelly" and unduly sought "MAR's confidential banking information." ECF No. 113 at 4-6.

      On August 8, 2023, the parties appeared at a status conference to address Plaintiffs' request for non-party discovery. As a possible compromise, the Court inquired, in lieu of a third-party subpoena, as to whether MAR would be willing to submit a declaration about the recordkeeping processes by which MAR confirmed that there were no U.S. dollar-denominated transfers made by MAR on Qatar Charity's behalf to the Palestinian Territories using a New York correspondent bank during the time period relevant to this action. 8/8/23 Tr. 27:11-20. Counsel for MAR indicated that it was feasible. *Id*. However, when the Court made the same proposal to Plaintiffs to determine if such an agreement would be possible, counsel rejected that proposal, stating that a declaration "is not going to answer the questions." *Id*. at 28:5-13. In other words, Plaintiffs insist on non-party discovery of the sort which Judge Donnelly never contemplated.

      For the seven months following that hearing, Plaintiffs made no efforts whatsoever to attempt to pursue the discovery that they now claim is essential. Indeed, it was not until the Court inquired this week about the status of jurisdictional discovery that Plaintiffs revived their prior request. This renewed request is improper. Plaintiffs have already conducted jurisdictional discovery in a manner entirely consistent with Judge Donnelly's Order. Jurisdictional discovery is therefore complete—closed.

      Plaintiffs' current effort to revisit and expand jurisdictional discovery at this very late date, nearly one year after it commenced, and nearly seven months after it closed, should not be permitted. Moreover, Plaintiffs' request for additional jurisdictional discovery only comes after party discovery and prior, unsanctioned non-party discovery conspicuously failed to yield a scintilla of evidence to support their discredited theories of jurisdiction. Defendants further incorporate their arguments in opposition to the non-party discovery sought by Plaintiffs as stated both in the August 7, 2023 status report and at the August 8, 2023 conference. Defendants are prepared to renew their motions to dismiss.

                              Respectfully submitted,

                              /s/ James P. Bonner
                              *Counsel for Plaintiffs*

                              /s/ Carolina A. Fornos
                              *Counsel for Defendant Masraf Al Rayan*

                              /s/ John M. Hillebrecht
                              *Counsel for Defendant Qatar Charity*