

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Carolina A. Fornos
tel: 212.858.1558
carolina.fornos@pillsburylaw.com

January 15, 2025

**BY ECF**

The Honorable Vera M. Scanlon
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Henkin, et al. v. Qatar Charity, et al.*, No. 1:21-cv-05716-RER-VMS

Dear Magistrate Judge Scanlon:

Masraf Al Rayan ("MAR") and Qatar Charity ("QC") (together, "Defendants") oppose Plaintiffs' motion for leave to conduct more discovery on personal jurisdiction of foreign defendants in Doha, Qatar via a Rule 30(b)(6) deposition, as well as the issuance of Letters Rogatory for unlimited discovery of "additional documents, including potentially bank records" relating to a conviction in Israel.  Both requests are beyond the scope of jurisdictional discovery, untimely, irrelevant, and barred by law of the case.

**I.     Plaintiffs Have Failed to Identify Any Relevant Transactions, and No More Jurisdictional Discovery Should Be Permitted**

As Your Honor noted, "[t]he Court has already given Plaintiffs significant leeway in the scope of discovery."  12/30/24 Dkt. Order.  Accordingly, the Court required that briefing for Plaintiffs' request to again extend jurisdictional discovery "should explain why any more discovery should be permitted on the question of personal jurisdiction," and "why a motion for reconsideration is timely" and "consistent with the law of the case."  *Id*.  Plaintiffs' January 7, 2025 letter motion (ECF 121, the "Letter") demonstrates that despite the leeway afforded to them – interrogatories and documents from MAR and QC, an unauthorized subpoena to Bank of New York Mellon, and a subpoena to HSBC – they have failed to identify *any* transactions relevant to this case.  Plaintiffs also wholly ignored the Court's Order to address the law of the case doctrine.

As the Letter concedes, "the existence of funds transfers to the Palestinian Territories through New York is 'the whole theory' of Plaintiffs' case."  Letter at 3.  However, even after receiving discovery from four different entities, Plaintiffs have failed to uncover any evidence that such transactions occurred, underscoring what Defendants have argued from the outset: there exists no basis for personal jurisdiction over Defendants, and Plaintiffs' conclusory allegations warrant dismissal.  Plaintiffs' request for even more jurisdictional discovery is merely an attempt to avoid renewed motions to dismiss, which will highlight exactly what Judge Cogan held earlier

this month in dismissing a strikingly similar case to this one and denying any jurisdictional discovery:

> If all that was required to receive jurisdictional discovery from a defendant was that party's transfer of money through the U.S., with no factual allegations relating the transfer(s) to a plaintiff's injuries, almost anyone conducting financial transactions in U.S. dollars could automatically be subjected to discovery in a federal court. . . . [P]laintiffs cannot bring a case on the *possibility that discovery will reveal that they are entitled to bring such a case in this Court.*

*See Force v. Qatar Charity*, No. 20-cv-2578 (BMC), 2025 WL 43163, at \*7 (E.D.N.Y. Jan. 7, 2025) (emphasis added). Judge Cogan is the second Judge in this District to dismiss similar jurisdictional allegations against MAR and QC; Judge Garaufis also dismissed similar claims against Defendants for lack of personal jurisdiction in *Przewozman v. Qatar Charity*, No. 20-cv-6088 (NGG) (TAM), 2023 WL 2562537 (E.D.N.Y. Mar. 17, 2023). Plaintiffs have received jurisdictional discovery – from four different entities, pursuing various different theories – and are no closer to asserting any such entitlement to bring their case because they have utterly failed to support their theory with any relevant transactions whatsoever.[1]

## II.     Plaintiffs' Request for a Rule 30(b)(6) Deposition on Irrelevant Issues Should Be Denied

Instead of focusing "on the question of personal jurisdiction," as the Court ordered, Plaintiffs now request discovery on what they call a "collateral issue" related to MAR's recordkeeping practices. Letter at 3. Plaintiffs cite *Freeman v. Giuliani*, No. 24-cv-06563, 2024 WL 5135913 (S.D.N.Y. Dec. 17, 2024) for the position that they have an "adequate basis" to seek "discovery on discovery." Letter at 3. However, there, the adequate basis was "the Defendant's repeated non-compliance with his discovery obligations in this and other matters" that "give substantial reason to question the completeness of his disclosures." *Freeman*, 2024 WL 5135913, at \*3. In contrast, here, Defendants have complied with all of their discovery obligations, and discovery on discovery must be "closely scrutinize[d] . . . in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Winfield v. City of New York*, No. 15-cv-05236, 2018 WL 840085, at \*3 (S.D.N.Y. Feb. 12, 2018) (internal quotation marks and citation omitted). That is precisely what Plaintiffs threaten to do.

Plaintiffs distort the record to call MAR's recordkeeping "concededly incomplete" but have no basis to question the completeness of MAR's *transaction records*, the only records relevant here. Letter at 2. Plaintiffs mischaracterize the August 8, 2023 hearing and are incorrect in stating that MAR's conclusion that there are no relevant transactions was "not based on review of the records from those correspondent accounts" (*id.* at 3); to be clear, MAR maintained electronic records of transactions – there simply are no responsive transactions, as MAR certified

---

[1] Plaintiffs' Letter rehashes the past year and a half of jurisdictional discovery and "wonder[s] why Defendants fought so hard to avoid providing discovery" if MAR's correspondent account "had never been used to transfer funds on behalf of Qatar Charity." Letter at 2. In other words, Plaintiffs surmise that a foreign defendant who contests personal jurisdiction despite conclusory allegations should nonetheless choose to respond to discovery if the discovery will be in the negative and then subject themselves to Rule 30(b)(6) depositions to explore the fact that evidence does not exist. Plaintiffs are simply grasping at straws delaying the inevitable dismissal of this case.

in its interrogatory responses almost a year and a half ago. After the August 8, 2023 hearing, the Court granted Plaintiffs' request for leave to issue a subpoena to HSBC. That HSBC did not produce any responsive documents simply underscores that Plaintiffs have no evidence to support their conclusory allegations and have no legitimate basis to assert jurisdiction over Defendants.

Plaintiffs' complaint about account opening documents is a red herring. Even if MAR had account opening documents from 15 years ago and produced them, it would not put Plaintiffs any closer to establishing jurisdiction because opening documents are irrelevant to the core question of whether there are any *transactions* showing transfers to the Palestinian Territories through New York.[2] As noted above, the record indicates that there are no such responsive transactions.

Moreover, Plaintiffs' request for a Rule 30(b)(6) deposition fails to explain how a deposition of a foreign entity about its recordkeeping practices could possibly result in evidence that would give the Court a basis to assert jurisdiction in the first place. Plaintiffs are attempting to discover their way into personal jurisdiction, but they have not identified a factual or legal basis that warrants the continuation of jurisdictional discovery. Once again, "plaintiffs cannot bring a case on the *possibility that discovery will reveal that they are entitled to bring such a case in this Court*." *Force*, 2025 WL 43163, at *7 (emphasis added).

### III. Plaintiffs' Request for Reconsideration Is Untimely, Contrary to the Law of the Case, and Exceeds the Scope of Jurisdictional Discovery

Plaintiffs again seek discovery from the Israeli government after this Court denied that request. Letter at 4. In doing so, Plaintiffs fail to provide a basis for a motion for reconsideration under Rule 54(b), which only "relates to revising a partial judgment, which is a 'decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.'" *Colvin v. Keen*, 900 F.3d 63, 74 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)). Your Honor's denial of a request for issuance of Letters Rogatory "did not adjudicate any claim or any rights or liabilities of any parties." *See id.* (holding that Rule 54(b) does not apply to the reconsideration of a denial of summary judgment). Thus, Rule 54(b) does not apply.

Further, Plaintiffs' request for reconsideration of the Court's September 5, 2024 Order is untimely. Any motion for reconsideration of a court order must be filed within fourteen days. *See* Local Civ. R. 6.3. Plaintiffs argue that they need not comply with this requirement because their motion is based on "newly discovered" evidence, but there is no newly discovered evidence simply because HSBC was "unable to locate any . . . wire transactions for the subjects and/or entities listed in the subpoena" and was "unable to confirm that [MAR] maintained a correspondent account at HSBC Bank USA, N.A. during the period 2012-2018." *See* ECF 120 at 1, 3. HSBC provided no new evidence to Plaintiffs that could support a finding of personal jurisdiction, and the continued absence of evidence does not provide a basis for a motion for reconsideration. *See Harger Da*

_____

[2] Plaintiffs attempt to cite Qatari law to argue that MAR was obligated to retain the HSBC account opening documents. Letter at 3. However, the source link Plaintiffs provide does not contain the "guidelines" upon which Plaintiffs rely. *See id.* at 3 n.2. Even if it did, Plaintiffs bear the burden of proving the applicability of foreign law, and "[c]ourts will dismiss claims resting on the application of foreign law where the party advancing the claim fails to provide authority for their interpretation of the law." *Ancile Inv. Co. v. Archer Daniels Midland Co.*, 992 F. Supp. 2d 316, 321 (S.D.N.Y. 2014) (collecting cases). Moreover, the "guidelines" Plaintiffs cite purportedly relate to "account opening documents for its *customers' accounts*," Letter at 3 (emphasis added), which may have no applicability to correspondent accounts.

*Silva v. New York City Transit Auth.*, No. 17-cv-4550 (FB) (VMS), 2022 WL 17555046, at *1-2 (E.D.N.Y. Dec. 9, 2022) (Scanlon, M.J.) (denying motion for reconsideration of order "regarding the scope of discovery" because Plaintiff had "not demonstrated a change of law, new evidence, clear error, or manifest injustice"). Without newly discovered evidence, Plaintiffs' motion is untimely. The Rule 54(b) case cited by Plaintiffs to argue otherwise is inapposite. *See* Letter at 4. There, the party seeking reconsideration did present newly discovered evidence – deposition testimony – and even then, *the motion for reconsideration was denied. See Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001).

Further, Plaintiffs' request for reconsideration is contrary to the law of the case. Under this doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson* v. *Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks and citation omitted). To establish that reconsideration is warranted based on newly discovered evidence, the movant must show that the evidence "was neither in his possession nor available upon the exercise of reasonable diligence" at the time of the decision and that "manifest injustice will result" without reconsideration. *Vornado Realty Tr. v. Castlton Env't Contractors, LLC*, No. 08-CV-4823 (WFK) (JO), 2013 WL 5719000, at *3 (E.D.N.Y. Oct. 18, 2013) (internal quotation marks and citations omitted). "[T]he Court may also consider the timeliness of the motion, a tardy movant's explanation for not presenting the evidence earlier, and the potential prejudice to the opposing party which may result from granting the motion." *Id.* (citation omitted). Here, Plaintiffs can point to no newly discovered evidence, but instead only the continued absence of evidence, an absence that negates any basis for personal jurisdiction. Therefore, there are no grounds on which to reconsider the Court's prior Order and deviate from the law of the case as established in the September 5, 2024 Order and Judge Donnelly's Order. The Court's previous conclusion that "to seek discovery from the Israeli Ministry of Defense or the Israeli Military Courts via letter of request under the Hague Convention is . . . beyond the scope of the permitted jurisdictional discovery" is undisturbed by HSBC's discovery response. 9/5/24 Dkt. Order.

Further, Defendants will be substantially prejudiced if the Court grants the request for reconsideration, as they would remain parties to litigation in a foreign tribunal for potentially years. *See* 8/8/23 Hearing Tr. 3:6-9 ("Seems like Judge Donnelly was contemplating a time-limited process and anything that mentions the word Hague directly or indirectly or akin to that is never going to take a short amount of time."). The prejudice is especially great given that Plaintiffs do not even suggest serving a narrowly tailored document subpoena in Israel, but instead broadly ask for unlimited documents "including potentially bank records." Letter at 4.

In sum, Plaintiffs have provided no basis for reconsideration, and the law of the case, as established in the September 5, 2024 Order and Judge Donnelly's Order, should stand.[3] For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request, which will enable Defendants to request a briefing schedule before Judge Reyes to renew their motions to dismiss the *Henkin* complaint filed in 2021 and the subsequent intervenor complaint.

---

[3] The law of the case doctrine also forecloses Plaintiffs' request for a Rule 30(b)(6) deposition, as Judge Donnelly's grant of jurisdictional discovery was expressly limited to interrogatories and document requests, precluding depositions. ECF 81 at 29. Such a limitation forecloses Plaintiffs' request for "adjustments." Letter at 3-4.

Respectfully submitted,

/s/ *Carolina A. Fornos*

Carolina A. Fornos
Pillsbury Winthrop Shaw Pittman LLP
*Counsel for Defendant Masraf Al Rayan*

/s/ *John M. Hillebrecht*

John M. Hillebrecht
DLA PIPER LLP (US)
*Counsel for Defendant Qatar Charity*

cc: All counsel of record (by ECF)