

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Carolina A. Fornos
Tel: +1.212.858.1558
carolina.fornos@pillsburylaw.com

September 22, 2025

**VIA ECF**
The Honorable Ramon E. Reyes, Jr.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:    *Henkin, et al. v. Qatar Charity, et al.*, No. 1:21-cv-05716-RER-VMS**

Dear Judge Reyes:

On behalf of Defendants Masraf Al Rayan ("MAR") and Qatar Charity ("QC," and together, "Defendants"), and pursuant to Rule IV.A of Your Honor's Individual Practice Rules, Defendants respectfully request a premotion conference to seek dismissal of the above-referenced action because Judge Donnelly already concluded that "plaintiffs' generalized allegations are insufficient" to establish personal jurisdiction.[1] Dkt. No. 81 ("the Order") at 22.  While Judge Donnelly permitted limited jurisdictional discovery, that discovery has now been completed and has revealed no connections of any sort to this forum that would permit this Court's exercise of personal jurisdiction over Defendants.  We thus respectfully submit that additional briefing is unnecessary.  If, however, the Court wishes to entertain additional submissions, we respectfully request that Plaintiffs should be required to first demonstrate why such submissions are necessary and appropriate.  Plaintiffs indicated that in light of the Court's recent ruling denying them further jurisdictional discovery, they would like two weeks to consult with their clients and co-counsel to decide whether to pursue this matter further.  Defendants do not object to the requested extension.

**I.    The Court Already Held the Complaint Failed to State a Basis for Personal Jurisdiction**

Plaintiffs filed this action almost four years ago, on October 13, 2021, seeking to hold Defendants liable under the Anti-Terrorism Act ("ATA") and Justice Against Sponsors of Terrorism Act ("JASTA") for acts of terrorism committed in Israel by Hamas and the Palestinian Islamic Jihad.  Plaintiffs allege, among other unsubstantiated and false

---

[1] On January 23, 2024, the above-referenced action was reassigned from Judge Donnelly, who had presided over the action since the Complaint was filed on October 13, 2021.

The Honorable Ramon E. Reyes, Jr.
U.S. District Court for the Eastern District of New York
September 22, 2025
Page 2

accusations, that MAR aided and abetted terrorism by providing financial services to QC, which, in turn, allegedly funded acts of terrorism.

Defendants moved to dismiss for lack of personal jurisdiction and failure to state a claim under both ATA and JASTA.  Dkt. Nos. 56, 58. On March 31, 2023, Judge Donnelly denied Defendants' motion to dismiss *without prejudice to renew*.  Dkt. No 81 (the "Order").  In that ruling, Judge Donnelly held that "plaintiffs' generalized allegations are insufficient to satisfy New York's long-arm statute" and "the due process requirement."  Order at 22.[2]

## II.  Jurisdictional Discovery Is Complete

The Complaint's deficiencies notwithstanding, Judge Donnelly granted limited jurisdictional discovery to be completed within "120 days from entry of this order." Order at 29.  Plaintiffs served document requests and interrogatories to which Defendants responded.  *See* Dkt No. 83.  Magistrate Judge Scanlon subsequently granted the parties' request to extend the deadline for the completion of jurisdictional discovery until August 8, 2023.  July 27, 2023 Order.  Completion of this discovery revealed no evidence of any connection to this forum.  On August 7, 2023, Plaintiffs, confronted with the fact that there was no basis for asserting jurisdiction over MAR or QC, requested still more discovery from the Court, and next sought leave to serve a subpoena on a nonparty, HSBC, MAR's former correspondent bank.  Dkt. No. 113.  On September 5, 2024, Magistrate Judge Scanlon granted Plaintiffs' request. Sept. 5, 2024 Order.  The results of this exercise also yielded no evidence of any ties to the forum: on December 10, 2024, HSBC confirmed it had no responsive information to produce.

Plaintiffs remained undeterred by their failure on multiple occasions to obtain any discovery justifying the exercise of personal jurisdiction over Defendants.  On January 7, 2025, notwithstanding the fact that Judge Donnelly had envisioned jurisdictional discovery to be "limited" and completed within 120 days of her order dated March 31, 2023, Plaintiffs filed yet another letter motion requesting still more  discovery, this time seeking to depose a MAR corporate representative and also asking the Court to reconsider its prior denial of Plaintiffs' request to seek discovery from the Israeli government.  Dkt. No. 121.  On September 15, 2025, Magistrate Judge Scanlon denied this request, finding that a deposition of a MAR corporate representative would be "unnecessary and duplicative."  Sept. 15, 2025 Order.  Further, Magistrate Judge Scanlon held that discovery from the Israeli government "would be outside the bounds of the limited jurisdictional discovery permitted in this action," and, in any event, such a request failed to comply with Local Civil Rule 6.3 (addressing deadlines for Motions

---

[2] A third defendant, Qatar National Bank ("QNB"), also moved to dismiss and its motion was granted. *See* Dkt. No. 81 at 23-25 (citing *Przewozman v. Qatar Charity*, 2023 WL 2562537, at *15-18) (granting QNB's motion to dismiss for lack of personal jurisdiction for largely the same reasons as in *Przewozman*).

The Honorable Ramon E. Reyes, Jr.
U.S. District Court for the Eastern District of New York
September 22, 2025
Page 3

for Reconsideration).  On September 16, 2025, "[i]n view of the 9/15/2025 Order, the Court certifie[d] jurisdictional discovery as complete."

### III.    Dismissal Is Proper and Judge Donnelly's Order Is Law of the Case

Judge Donnelly's holding that the Complaint fails to establish personal jurisdiction over Defendants is the law of the case.  Jurisdictional discovery revealed no "additional facts that would permit the Court to determine whether there is personal jurisdiction under the first prong of § 302(a)(1) and whether exercising personal jurisdiction would comport with due process."  Order at 26.  Judge Donnelly's conclusion that "plaintiffs' generalized allegations are insufficient to satisfy New York's long-arm statute, [and] . . . due process" compels dismissal of this action.  *See id.* at 22.

It is indisputable under the law of the case doctrine that "a decision on an issue made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation."  *Gem Financial Serv., Inc. v. City of New York*, 13-cv-1686 (RPK) (RER), 2022 WL 409618, at *14 (E.D.N.Y. Feb 10, 2022) (internal quotations omitted).  For reasons of judicial efficiency and fairness, courts "will not depart from the law of the case absent cogent or compelling reasons."  *In re Nassau County Strip Search Cases*, 958 F.Supp.2d 339, 343 (E.D.N.Y. 2013) (internal quotations omitted).  These reasons are few in number: predominantly "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Id*. (international quotations omitted).  None are present here.

To the contrary, Plaintiffs have had three bites at the apple.  After multiple rounds of jurisdictional discovery, far exceeding the time limit initially specified by Judge Donnelly, Plaintiffs possess no information whatsoever, new or otherwise, that would undermine the sound conclusions of Judge Donnelly's Order.  There are no cogent or compelling reasons to revisit the Order's findings.[3]

Finally, there is no need to correct a clear error or prevent manifest injustice; to the contrary, it would be unjust to require MAR and QC to continue defending themselves in a forum that plainly lacks personal jurisdiction over them before a Court that has extended multiple accommodations to Plaintiffs in their attempt to salvage a baseless case.  Judge Donnelly's conclusion that this Court is without personal jurisdiction is thus binding, and this Court need not pursue the question any further.[4]

---

[3] Plaintiffs have repeatedly pointed to what they call the "amended indictment, guilty plea, conviction and sentencing of [Qatar Charity] employee Fadi Manasra (the 'Manasra Confession')" as evidence that requires a finding of personal jurisdiction, Dkt. No. 113 at 1, however, Judge Donelly already considered those allegations in the Complaint and thus, it is not new evidence.  Order at 27.

[4] Were Plaintiffs to amend their Complaint, the law of the case doctrine would still apply.  *Doe v. New York City Dep't of Education*, 669 F.Supp.3d 160, 164 (E.D.N.Y. 2023) ("The mere filing of an

The Honorable Ramon E. Reyes, Jr.
U.S. District Court for the Eastern District of New York
September 22, 2025
Page 4

Notably, two other cases asserting similar allegations and brought by the same plaintiffs' counsel have been dismissed for lack of personal jurisdiction.  *See Przewozman v. Qatar Charity*, No. 20-cv-6088 (NGG) (TAM), 2023 WL 2562537 (E.D.N.Y. Mar. 17, 2023) ("Plaintiffs failed to state a *prima facie* case for personal jurisdiction over [MAR, QC, and Qatar National Bank]"); *Force v. Qatar Charity*, No. 20-cv-2578 (BMC), 2025 WL 43163, at *7 (E.D.N.Y. Jan. 7, 2025) (dismissing action for lack of personal jurisdiction).[5]  And of equal note, Plaintiffs declined to appeal one decision (*Przewozman*) and abandoned their appeal of the other (*Force*).

Should this Court nonetheless wish to entertain additional submissions, we respectfully submit that Plaintiffs, and not Defendants, should first be required to attempt to articulate the need for additional motion practice in accordance with Magistrate Judge Scanlon's September 16 Order requiring the parties to file a proposed schedule for dispositive motion practice.  *See* Sept. 16 Order.  To that end, Defendants proposed the below briefing schedule to Plaintiffs if they declined to voluntarily dismiss this case:

> Plaintiffs' Motion for Reconsideration of the Order: October 10, 2025
> Defendants' Opposition: October 31, 2025
> Plaintiffs' Reply: November 7, 2025

In response, Plaintiffs (including Intervenor Plaintiffs[6]) indicated that in light of the Court's recent ruling denying them further jurisdictional discovery, they would like two weeks to consult with their clients and co-counsel to decide whether to pursue this matter further.  Defendants do not object to the requested extension.  We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Carolina A. Fornos                          /s/ Kevin Walsh
Carolina A. Fornos                              Kevin Walsh
Pillsbury Winthrop Shaw Pittman LLP             DLA PIPER LLP (US)
*Counsel for Defendant Masraf Al Rayan*         *Counsel for Defendant Qatar Charity*

cc:      All counsel of record (by ECF)

---

 Amended Complaint does not entitle Plaintiff to relitigate her claims absent new factual allegations.") (internal quotation marks omitted).

[5] In *Force*, Judge Cogan also held that "[I]f all that was required to receive jurisdictional discovery from a defendant was that party's transfer of money through the U.S., with no factual allegations relating the transfer(s) to a plaintiff's injuries, almost anyone conducting financial transactions in U.S. dollars could automatically be subjected to discovery in a federal court. . . . [P]laintiffs cannot bring a case on the possibility that discovery will reveal that they are entitled to bring such a case in this Court." *Force*, 2025 WL 43163, at *7.

[6] On June 14, 2023, an Intervenor Complaint was filed.  *See* Dkt. No. 100.  This letter applies with equal force to those allegations.