

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

September 22, 2025

**VIA ECF**

The Honorable Ramon E. Reyes, Jr.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Henkin, et al. v. Qatar Charity, et al.*, No. 21-cv-5716-RER-VMS, Letter Request

Dear Judge Reyes:

On behalf of Defendant Qatar National Bank Q.P.S.C. ("QNB"), we respectfully request that your Honor dismiss as to QNB the intervenor complaint (the "Intervenor Complaint") in the above-captioned action. *See* ECF No. 100. This Court (Donnelly, J.) previously dismissed the original complaint (the "Original Complaint") as to QNB, finding that the Court lacks personal jurisdiction over QNB. *See* ECF No. 81 ("Op.") at 23 (concluding "that the claims against Qatar National Bank should be dismissed for lack of personal jurisdiction"). Given that the Intervenor Complaint is *substantively identical* to the Original Complaint previously dismissed by this Court as to QNB, the Intervenor Complaint can fare no better and should be dismissed as well.

In the alternative, QNB requests a pre-motion conference in accordance with Rule IV.A of Your Honor's Individual Practice Rules (if such a conference is necessary), during which—and in the interests of judicial economy and efficiency—QNB intends to rest on its prior motion-to-dismiss ("MTD") briefing, *see* ECF Nos. 54, 67, and this letter. In that instance, Intervenor Plaintiffs have earlier (in January 2025) represented to QNB that they may oppose QNB's motion by supplementing Plaintiffs' earlier MTD opposition brief, *see* ECF No. 61, with a five-page letter opposition. While QNB opposes this attempt to take another bite at the apple—given the law of the case—and believes that no further briefing is warranted, QNB reserves the right to respond to any supplemental letter opposition from Intervenor Plaintiffs with its own supplemental letter reply of equal length (with a proposed schedule at end of this letter).

Counsel for all Plaintiffs have also indicated that in light of the Court's recent ruling denying them further jurisdictional discovery, they would like two weeks to consult with their clients and co-counsel to decide whether to pursue this matter further. QNB does not object to that requested extension.

**Judge Donnelly's Earlier Order and Similar Orders in Parallel E.D.N.Y. Cases**

After full MTD briefing and oral argument in this matter, Judge Ann Donnelly issued an order on March 31, 2023, granting in full QNB's motion to dismiss the Original Complaint for lack of personal jurisdiction. As Judge Donnelly noted at the time, "There are two substantially similar cases

ROPES & GRAY LLP

- 2 -

pending against these defendants in this district, both of which raise nearly identical claims," referring to *Force, et al. v. Qatar Charity, et al.*, No. 20-cv-2578 (E.D.N.Y.), and *Przewozman, et al. v. Qatar Charity, et al.*, No. 20-cv-6088 (E.D.N.Y.). Op. at 7. As Judge Donnelly acknowledged, Judge Nicholas Garaufis had already granted Defendants' motions to dismiss in *Przewozman* two weeks prior on March 17, 2023 (and subsequently *with prejudice*). Given the identical jurisdictional allegations in *Przewozman*, Judge Donnelly "adopt[ed] Judge Garaufis' detailed and persuasive analysis of the jurisdictional questions" in granting QNB's motion to dismiss for lack of personal jurisdiction in this case. *Id.* at 8.

In granting QNB's motion to dismiss, Judge Donnelly wrote, "The plaintiffs advance the same theory of jurisdiction for Qatar National Bank that they advanced in *Przewozman*: that 'personal jurisdiction over Qatar National Bank may be established based on their participation in a conspiracy with the other Defendants, who used a correspondent banking account in New York to transact in United States Dollars.'" *Id.* at 23 (quoting *Przewozman*, 2023 WL 2562537, at *15 (E.D.N.Y. Mar. 17, 2023)). However, the Court explained that Plaintiffs' claims were not well-pleaded because, "[a]s Judge Garaufis observed in *Przewozman*, the plaintiffs did not 'allege in a nonconclusory manner any facts from which an inference of agreement between Qatar National Bank and the other defendants can be drawn.'" *Id.* at 24 (quoting *Przewozman*, 2023 WL 2562537, at *18). The Court further found that "the plaintiffs do not even establish a connection between Qatar National Bank and the [alleged] transfers effected by Masraf al Rayan." *Id.* Instead, the Court explained, Plaintiff's conclusory allegations about the use of QNB bank accounts to finance Hamas terrorist activities failed to detail "[h]ow or when these accounts were used," leaving such critical information to one's "imagination." *Id.* (quoting *Przewozman*, 2023 WL 2562537, at *18). Consequently, the Court held that neither New York's long-arm statute nor Fed. R. Civ. P. 4(k)(2) conferred conspiracy jurisdiction over QNB, *see id.* at 23, and Judge Donnelly therefore granted QNB's motion to dismiss the Original Complaint for lack of personal jurisdiction.

Earlier this year, on January 7, 2025, in the other E.D.N.Y. case (*Force*) that Judge Donnelly referred to in her March 31, 2023 decision as "substantially similar" and as "rais[ing] nearly identical claims" to those in this case, Op. at 7, Judge Brian Cogan granted Defendants' motions to dismiss for lack of personal jurisdiction. In so doing, Judge Cogan held, "Because plaintiffs do not state any non-conclusory facts alleging a connection between MAR and QC's U.S. contacts and plaintiffs' injuries, this Court cannot assert personal jurisdiction over MAR or QC." *Force*, 2025 WL 43163, at *5 (E.D.N.Y. Jan. 7. 2025). With respect to QNB, Judge Cogan wrote:

> Plaintiffs' jurisdictional allegations regarding QNB are even weaker. Plaintiffs do not plausibly allege that QNB took any actions in the U.S. connected to plaintiffs' injuries. The complaint includes no facts regarding QNB's interaction with the U.S. financial system, let alone its provision of access to that system to Hamas and PIJ or an explanation of how such access related to plaintiffs' injuries.

ROPES & GRAY LLP

- 3 -

*Id.* In reaching this decision, Judge Cogan rejected the plaintiffs' theory of conspiracy jurisdiction due to the complaint's failure to allege constitutional minimum contacts for any of the defendants, *see id.* at *6, and also rejected the plaintiffs' request for jurisdictional discovery, concluding, "Plaintiffs have offered the Court no basis to believe that jurisdictional discovery would result in a finding that there is a constitutional basis for jurisdiction," *id.* at *7. Judge Cogan's order thus represents the *third* such order issued from an E.D.N.Y. court dismissing virtually identical complaints and jurisdictional allegations against QNB.

**The Intervenor Complaint Should Be Dismissed**

The Intervenor Complaint, *see* ECF No. 100, filed on the docket on June 14, 2023 (***months after Judge Donnelly's MTD order dismissing QNB from the Original Complaint in this case***), is virtually identical to the Original Complaint, *see* ECF No. 1, save for the addition of four plaintiffs who are alleged to be relatives of an alleged victim in the case (the "Intervenor Plaintiffs"). Intervenor Plaintiffs admitted as much when moving to intervene, writing, "The facts as alleged in the Proposed Intervenors' proposed complaint are ***identical*** to those alleged in the current operative complaint." ECF No. 95 at 2 (emphasis added). The same is true of the jurisdictional allegations against QNB. *Compare* ECF No. 1 ¶¶ 22-24 *with* ECF No. 100 ¶¶ 22-24 (identically alleging that Masraf Al Rayan ("MAR") and Qatar Charity ("QC") "with knowledge of their [alleged] co-conspirator, QNB, knowingly accessed and utilized the banking system in the United States to transmit funds to Hamas and effectuated U.S. dollar-denominated funds transfers on behalf of Qatar Charity through the Bank of New York Mellon in New York").

Rather than oppose filing of the Intervenor Complaint, QNB moved to stay its response to that complaint to align with Defendants that remained in the case (who had also stayed their responses pending the conclusion of jurisdictional discovery against them). *See* ECF No. 104. Despite the Court "giv[ing] Plaintiffs significant leeway in the scope of [jurisdictional] discovery," their multi-year quest for facts sufficient to support the exercise of personal jurisdiction over the remaining Defendants (MAR and QC) has, unsurprisingly, turned up empty. Having failed to establish any jurisdictional hook for MAR and QC, Intervenor Plaintiffs are on even worse footing than the original plaintiffs in claiming that this Court somehow has personal jurisdiction over QNB.

Accordingly, in line with the law-of-the-case doctrine, this Court should dismiss the Intervenor Complaint as to QNB based on its earlier March 17, 2023 order, which dealt with the Original Complaint that is virtually "identical" to the Intervenor Complaint, as Intervenor Plaintiffs themselves have acknowledged. *See* ECF No. 95 at 2. "The 'law of the case' doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Doe v. United States*, 815 F. App'x 592, 596 (2d Cir. 2020) (summary order) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988)). And "[w]hile a court has the 'power to revisit prior decisions of its own . . . as a rule courts should be loathe to do so in the absence of ***extraordinary circumstances***.'" *Id.* (emphasis added) (quoting *Christianson*, 486 U.S. at 817). Despite having the benefit of Judge Donnelly's earlier MTD order,

ROPES & GRAY LLP

- 4 -

Intervenor Plaintiffs repleaded word-for-word the same generalized (and non-plaintiff-specific) jurisdictional allegations against QNB that the Court had already found to be insufficient to support the Court's exercise of personal jurisdiction over QNB.

Moreover, no extraordinary circumstances exist in this case that might warrant reconsideration of Judge Donnelly's earlier ruling, which followed a robust oral argument before Judge Donnelly and is fully aligned with Judge Garaufis's order in *Przewozman* and Judge Cogan's more recent order in *Force,* all three of which found a lack of personal jurisdiction over QNB. *See id.* (referencing grounds of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (quoting *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983))).

As noted above, if Your Honor is not inclined to summarily dismiss the Intervenor Complaint on the above record, QNB respectfully requests a pre-motion conference in accordance with Rule IV.A of Your Honor's Individual Practice Rules and currently intends to rest on its prior MTD briefing, *see* ECF Nos. 54, 67, and this letter. In that instance, Intervenor Plaintiffs have earlier (in January 2025) represented to QNB that they may oppose QNB's motion by supplementing Plaintiffs' earlier MTD opposition brief, *see* ECF No. 61, with a five-page letter opposition. While QNB opposes this attempt to take another bite at the apple—given the law of the case—and believes that no further briefing is warranted, QNB reserves the right to respond to any supplemental letter opposition from Intervenor Plaintiffs with its own supplemental letter reply of equal length. Should the Court require a schedule for such letter briefing, QNB proposes that it align with the schedule proposed in the letter submitted by counsel for MAR and QC, *see* ECF No. 124 at 4, which schedule was agreeable to counsel for all Plaintiffs, *i.e.*, Intervenor Plaintiffs' letter briefing (if any) would be due by October 10, 2025, and QNB's letter reply briefing (if any) would be due by October 31, 2025.

Counsel for all Plaintiffs have also indicated that in light of the Court's recent ruling denying them further jurisdictional discovery, they would like two weeks to consult with their clients and co-counsel to decide whether to pursue this matter further. QNB does not object to that requested extension.

Respectfully submitted,

*/s/ Michael G. McGovern*
Michael G. McGovern
Douglas H. Hallward-Driemeier

*Counsel for Defendant Qatar National Bank Q.P.S.C.*

cc: All parties of record (by ECF)